## 47564. PHILLIPS v. NATIONAL-BEN FRANKLIN INSURANCE COMPANY et al.

PANNELL, Judge. A petition seeking declaratory judgment as to coverage and obligation to defend on a policy of automobile liability insurance issued by it was brought by National-Ben Franklin Insurance Company against the named insured and driver of the insured vehicle, as well as the plaintiffs in separate actions brought against the insured and the driver arising from a collision involving the insured automobile. The petition alleged a justiciable controversy as well as that the insurer was uncertain as to whether it should defend the actions. Answers were filed alleging the insurer had denied liability and refused to defend and that the insured had employed her own counsel. A temporary restraining order was entered as to the pending litigation, which was sub-

sequently amended upon amendment of the petition changing the prayers for injunctive relief. Subsequently a hearing was had on "December 9, 1970, for a determination of the single question of whether or not the temporary restraining order . . . should be extended." After the hearing and before the order thereon was signed and entered on January 5, 1971, "extending the temporary restraining order," an amendment to one of the plaintiffs' pleadings in the tort actions was made attacking the constitutionality of the portion of the Declaratory Judgment Act permitting the grant of injunctions.

1. It not appearing that the trial judge has passed upon the alleged constitutional attack upon the statute, no question relating thereto is presented to this court for decision. *Phillips v. National-Ben Franklin Ins. Co.,* 229 Ga. 258 (190 SE2d 916).

2. The petition for declaratory judgment meeting the requirements of pleading as required by the Declaratory Judgment Act even prior to the Civil Practice Act, (*St. Paul Fire & Marine Ins. Co. v. Johnson,* 216 Ga. 437 (117 SE2d 459); *Hardeman v. Southern Home Ins. Co.,* 111 Ga. App. 638 (3) (142 SE2d 452)), a temporary restraining order was authorized under Section 2 of the Declaratory Judgment Act as amended. Ga. L. 1945, p. 137; Ga. L. 1959, pp. 236, 237 (*Code Ann.* § 110-1102).

3. If the order appealed from be construed as the grant of an interlocutory injunction after hearing evidence, we must affirm, as there is no transcript of evidence before this court.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.*
SUBMITTED OCTOBER 3, 1972—DECIDED JANUARY 22, 1973.

*Frank M. Eldridge,* for appellant.

*Swift, Currie, McGhee & Hiers, George W. Hart, Orr & Joyner, John C. Joyner,* for appellees.