51363. BROWN et al. v. FULTON COUNTY DEPARTMENT OF FAMILY & CHILDREN SERVICES.

SUBMITTED SEPTEMBER 30, 1975 — DECIDED OCTOBER 23, 1975.

*Hill, Sones & Farrington, E. Lundy Baety,* for appellants.

*Kennedy, Bussey, Sampson & Spaulding, John Kennedy, C. Samuel Rael,* for appellee.

DEEN, Presiding Judge.

1. The appellants, parents of the child, cite as error the court's refusal to dismiss the complaint as being without authority to hear and determine the issues. Code Ann. § 24A-1701 (a) provides in part: "After the petition

has been filed the court shall fix a time for hearing thereon, which, if the child is in detention, shall not be later than 10 days after filing of the petition." The petition here alleging the child to be "deprived" was filed on April 30, 1975, but the hearing was not held until June 3, 1975, after an interval of time greater than the 10 days contemplated by the statute. We quite agree with appellant's contention that the language of Code Ann. § 24A-1701 (a) is mandatory and that the time for the hearing must be set for a time not later than 10 days after the petition is filed. However, the record reveals that the hearing on this matter was originally set for May 8, 1975, and was continued at the request of the appellee because of the absence of a necessary witness, the child's attending physician. "'All applications for continuance are addressed to the sound legal discretion of the court, and, if not expressly provided for, shall be granted or refused as the ends of justice may require.' On numerous occasions the appellate courts have ruled that the discretion vested in the trial court in this respect will not be disturbed unless manifestly, flagrantly, or clearly abused." *Smith v. Davis,* 121 Ga. App. 704, 705 (175 SE2d 28). The hearing having been fixed for a time within 10 days from the filing of the petition and the court in its discretion having granted a continuance due to the absence of a material witness, we find Code Ann. § 24A-1701 (a) to have been fully complied with and the Juvenile Court of Fulton County to have been within its authority to hear and determine the issues under this petition.

2. Appellants urge that appellee's petition should have been dismissed because a prima facie case of deprivation was not established. Code Ann. § 24A-401 (h) provides in part: " 'Deprived child' means a child who: (1) is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals . . ." Code Ann. § 24A-2201 (c) requires that the evidence of deprivation be "clear and convincing." The thrust of appellants' argument is that there was no showing that the child was physically abused by them. What this argument fails to consider is that the comments to Code Ann. § 24A-401 (h) made it clear that the

definition of "deprived child" focuses upon the needs of the child *regardless of parental fault.* The record reveals expert medical testimony that the child had a blackened left eye, bruises over her right eye, and numerous scars on her back, chest, stomach and legs. The testimony of appellants was somewhat conflicting and confusing as to how the child had received the injuries, though they did agree that no one other than themselves had the care and control of the child. In light of this evidence and the comment to the Code section we are compelled to conclude that there was a prima facie showing that the child suffered physical harm and was ". . . without proper parental care or control. . . necessary for his physical, mental or emotional health . . ." regardless of parental fault for the harm. "Where the trial judge, sitting as the trier of facts, hears the evidence, his finding based upon conflicting evidence is analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it." *West v. West,* 228 Ga. 397 (1) (185 SE2d 763); *Thompson v. Maslia,* 127 Ga. App. 758 (4) (195 SE2d 238); *Lester Colodny Const. Co. v. Allen,* 129 Ga. App. 545 (199 SE2d 917). The weight of the evidence and credibility of the witnesses are matters addressed solely to the trial judge's discretion and are conclusive unless manifestly abused. *Gaskins v. Varn,* 178 Ga. 502 (8) (173 SE 695). The petition is brought on behalf of the child and it is her welfare and not who is responsible for the conditions which amount to deprivation that is the issue. There being evidence to support the trial court's finding that the child was "deprived" under Code Ann. § 24A-401 (h), appellants' second enumeration of error is without merit.

3. Appellants' third enumeration of error contends that the court erred in not filing findings of fact, citing *Booker v. J. T. Bickers Realty Co.,* 127 Ga. App. 614 (194 SE2d 490) and *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154). These cases deal with interpretation of Code Ann. § 81A-152, and it is questionable whether such statute is applicable to the proceedings here in issue. *Grady v. Hill,* 128 Ga. App. 153 (195 SE2d 794). However, even assuming without deciding Code Ann. § 81A-152 to be applicable, the record reveals that the court's order contains the following language: ". . . there are

inconsistencies in the testimony of the parents as to knowledge of the numerous scars on the child's body, how scars were caused and how the child sustained the scars and injuries; the evidence further shows that there are numerous scars about the child's body which are permanent and not explained satisfactorily by the parents, both parents testifying that they have had the primary care and responsibility of the said child. The court finds this child to be deprived and in need of the care, protection and services of the court." We hold this to be sufficient finding of fact and appellants' third and final enumeration of error to be meritless.

*Judgment affirmed. Evans and Stolz, JJ., concur.*