## 50545. SANCHEZ v. WALKER COUNTY DEPARTMENT OF FAMILY & CHILDREN SERVICES.

CLARK, Judge.
This appeal is by the mother of an illegitimate child who seeks to reverse a juvenile court judgment wherein the court ruled that the evidence warranted a finding that her 2 1/2-year-old son was a "deprived child" and awarded temporary custody to the Walker County Department of Family and Children Services.
The case resulted from doctors' reports that the son showed symptoms of the "battered child syndrome." This nomenclature is a modern development defined in medical testimony as "a combination of factors that we see

that lead us to believe that a child is physically abused by a grown up, some adult." (T. 21). The appeal is based on eighteen enumerations of error with which we will deal in four sections categorized according to the type of legal problem presented.

I. Jurisdictional Questions

1. The petition was filed on June 11, 1974. The hearing was set for June 27, 1974. Appellant asserts that this hearing date failed to comply with Code Ann. § 24A-1701 which requires the hearing date to be set not later than ten days after the filing of the petition "if the child is in detention." Where the child is not in detention, then the hearing date shall be not later than sixty days.

Pretermitting the question as to whether the status of the child was that of "detention," we are of the opinion that a violation of this statutory mandate would not deprive the court of jurisdiction that would otherwise exist. We recognize the importance of statutory time requirements but here this establishment of a trial date was procedural and did not affect the juvenile tribunal's jurisdiction. If the child was not in detention then the sixteen days interval instead of ten was well within the sixty days period. Moreover, it should be noted that after this point had been raised below, the case was continued until August 8, 1974, "by agreement of the attorneys." Thus, if error, it would not be ground for reversal and new trial. " '[I]njury as well as error must be shown before a new trial will be granted.' " *Christian v. State,* 41 Ga. App. 565, 566 (153 SE 780).

2. Appellant contends the juvenile court had no legal jurisdiction to conduct the hearing "because appellant's child, N. D. M., was illegally taken into custody and later kidnapped from T. C. Thompson Childrens Hospital in Chattanooga, Tennessee, without any order of any court in the State of Tennessee, but pursuant to a null and void Order of the Juvenile Court of Walker County, Georgia, which had no extraterritorial force or effect in that State."

The petition had been filed by the Walker County Department of Family and Children Services. Thereafter, the welfare worker proceeded across the state line to Chattanooga, obtained possession of the child, and then returned with the child to Walker County. Although

appellant argues that there was a "detention" of the child so that there was a failure to comply with certain procedural directives contained in our Juvenile Court Code, we do not find it necessary to decide whether or not the child was in "detention."

The Georgia court's order did not have extra-territorial enforcement to the extent performed by the well-intentioned welfare worker. Nevertheless, we are of the opinion that there is no merit to this enumeration of error. As the child was illegitimate, its domicile was that of its mother. Code Ann. § 79-404. The mother's legal residence was in Walker County. Code Ann. § 24A-1101 provides that proceedings may be commenced in the county in which the child resides. Service was had upon the mother in Walker County. This was sufficient to give the Georgia court jurisdiction over both the mother and the 2 1/2-year-old child regardless of whether there was a "detention" of the child.

The situation here is analogous to Ker v. Illinois, 119 U. S. 436 (7 SC 225, 30 LE 421) and Frisbie v. Collins, 342 U. S. 519 (72 SC 509, 96 LE 541). In those cases the United States Supreme Court ruled that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a "forcible abduction." Although a juvenile court proceeding is not to be labeled "criminal," the same reasoning of and logic of the United States Supreme Court cases would apply here because the child and its mother were entitled to have all decisions concerning their welfare rendered in the county of their residence, the locus of the instant trial.

3. The next point is a contention that the court erred in assuming jurisdiction because the venue requirement of Code Ann. § 24A-1101 was not satisfied. This contention is based on the fact that the child was not personally present within the boundaries of Walker County, Georgia, on the date of the filing of the petition but was in a Chattanooga hospital. This contention is without merit.

"A proceeding under this Code [Title 24A] may be commenced in the county in which the child resides." Thus reads the first sentence of § 24A-1101. Thereafter

the same section gives an alternative in permitting action to be taken in another county when deprivation is alleged. That alternative permits action in the county in which the child is present when the petition is filed. The commentators under this section noted: "the Code takes the practical approach that the counties with interest either in the child or his conduct may proceed." Since Walker County was the residence of the child and of his mother, venue properly existed there.

4. We find no merit in the next attack upon jurisdiction which relies upon the provision of Code Ann. § 24A-1603 (d). This statutory directive deals with what must be pleaded in the petition alleging delinquency, deprivation or unruliness of a child. Paragraph (d) upon which appellant relies states that the petition should allege "if the child is in custody and if so, the place of his detention and the time he was taken into custody." If jurisdiction otherwise exists, such as here, where the action is brought in the county of the residence of both mother and son, then this particular requirement has no relevancy to the right of the trial court to handle the case.

5. The fifth and twelfth enumerations claim lack of jurisdiction and deprivation of right to counsel in that the provisions of § 24A-1701 (d) require that the summons shall state the entitlement of party to counsel including the right of court-appointed counsel for indigents. We do not regard this requirement as being jurisdictional, but do not have to deal with it in view of the present state of the record. After the enumerations of error had been filed, a supplement to the record was forwarded to this court. This supplement contained certain provisions which were printed on the back of the summons served upon the mother. This portion was erroneously omitted from the record when originally filed. The language of this supplemental record conforms to the statute with reference to advising parties as to their rights to representation by a lawyer.

6. The next enumeration attacks jurisdiction on the basis that the order and judgment of the juvenile court "failed to recite, on their face, the facts upon which the jurisdiction of the court was based." The court accepted jurisdiction initially on the fact pleaded in the petition

that the mother and the child had their residence at a designated location in Chickamauga in Walker County. This fact was confirmed through testimony at the hearing. Thereupon, the court recited in paragraph 1 of the order of September 16, 1974, that the child was shown to be the illegitimate minor child of the appellant "and is a resident of Walker County, Georgia, and is therefore subject to the jurisdiction of this court." (R. 26). Nowhere in the testimony is there any denial of the fact that the mother and the child were actual residents of this county.

## II. Procedural Problems

7. The seventh enumeration of error deals with the manner in which the child had been taken from the Chattanooga Childrens Hospital and contends this removal violated due process. In the United States Supreme Court decisions referred to in Division 2 of this opinion, Ker v. Illinois, supra, and Frisbie v. Collins, supra, it was held that abduction of a person charged with a crime whereby the accused was brought from another state does not violate constitutional due process requirements. This same ruling would apply with greater force to the instant case where a well-intentioned welfare worker travels a short distance across the state line to return an infant child allegedly in a state of deprivation to the county of its residence which is also the residence of the mother. Additionally, our Supreme Court held in *Hunt v. Hunt,* 225 Ga. 276 (168 SE2d 321) that physical presence of children is not a prerequisite to an award of custody where the parent is a resident of the county of the suit.

8. The next four enumerations (8, 9, 10 and 11) aver procedural errors claiming failure to comply with procedures stated in Code Annotated Supplement Chapter 24A-14 titled "Detention." The Juvenile Court Manual prepared by the Council of Juvenile Court Judges of Georgia points out that the Juvenile Court Code makes provision for eight different types of hearings, one of which is a "detention hearing." This trial was an adjudicatory hearing held in conformance with the provisions of Code Ann. § 24A-2201 to determine if the child was "deprived." We therefore need not consider these four enumerations.

### III. Evidentiary Questions

9. Three welfare workers had interrogated the mother concerning her life history and background. Appellant argues her constitutional rights were infringed because these queries were conducted without first informing the mother of her right to have an attorney present during such questioning. The contention is that this evidence was therefore tainted and should not have been admitted in the proceedings, especially since "the tainted evidence was instrumental in the decision to institute the Juvenile Court proceedings." (Enumeration of error No. 13).

We see no merit in this contention. The evidence thus obtained was not used against her in a criminal case. It was voluntarily given to the social workers in their investigation. Even if these proceedings were construed to be similar to a criminal case, it must be noted that this questioning was not in the nature of "custodial interrogation" and therefore Miranda warnings were not required. See *J. A. C. v. State of Ga.*, 134 Ga. App. 561, 563 (2) (215 SE2d 324).

10. Appellant contends the court erred in admitting testimony of a doctor in response to hypothetical questions prior to evidence having been introduced as to certain facts assumed in the questions. This physician was presented as the first witness. Facts contained in the hypothetical question had not at that stage been made a part of the record.

In *Nat. Trailer Convoy, Inc. v. Sutton,* 136 Ga. App. 760 (222 SE2d 98), we dealt with this same problem. As we there noted, this contention is based on the language used in the first headnote of *Ellis v. Southern R. Co.,* 89 Ga. App. 407 (79 SE2d 541). We there pointed out that the headnote language had been clarified in subsequent cases. Accordingly, we ruled that there was no error in permitting a witness to respond to a hypothetical question provided there was subsequently introduced during the trial all of the material facts assumed in the hypothetical question.

11. The fifteenth enumeration of error is similar to the thirteenth in that it attacks the admission into evidence of the testimony of the three welfare workers

concerning appellant's childhood background because appellant was not informed that she had a right to have an attorney present during such questioning prior to the commencement of the interrogation. In the thirteenth division of this opinion we concluded there was no error.

12. Again, the testimony of the welfare workers regarding appellant's childhood background is attacked as being "strictly hearsay [which] sought to establish guilt by implication and prior upbringing." (Enumeration No. 16). This hearing was before a judge alone. In such instances "[I]t is always considered that a trial judge 'sifts the wheat from the chaff,' [and] it is presumed that no consideration was given to illegal evidence and that only legal evidence was considered." *Engineered Builders v. Lamar Nash Buick-Pontiac,* 133 Ga. App. 141 (2) (210 SE2d 179). There was sufficient legal evidence in this record to support the ruling now appealed from.

13. The seventeenth enumeration contends the court erred in refusing to grant appellant's mistrial motion when one of the welfare workers testified that appellant told her that she had been placed in detention for stealing during her childhood. Whether this testimony was admissible or otherwise it did not warrant the grant of a mistrial where the case is being heard by a judge without a jury. As noted in the preceding division, it is assumed that the trial judge separates the wheat from the chaff.

## IV. General Grounds

14. The final enumeration contends the judgment was contrary to the weight of the evidence, contrary to law and without any competent evidence to support it. Although there was no witness who saw the child actually being beaten, the testimony of three doctors from three different towns on three separate occasions made the same diagnosis of "battered child syndrome." We recognize that the mother gave testimony, which if believed, would have constituted acceptable explanations. But there were material contradictions among her witnesses as to the manner and dates on which the injuries were received. Testimony as to descriptions and locations on the child's body of the injuries also constituted rebuttal of the mother's assertion.

In *Brown v. Fulton Co. Dept. of Family & Children Services,* 136 Ga. App. 308 (220 SE2d 790) this court dealt with an appeal similar to this in that it involved a "deprived child." This court said at page 310 that " 'Where the trial judge, sitting as the trier of facts, hears the evidence, his finding based upon conflicting evidence is analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it.' [Cits.] The weight of the evidence and credibility of the witnesses are matters addressed solely to the trial judge's discretion and are conclusive unless manifestly abused. [Cits.]" There is sufficient evidence to support the trial court's conclusion that the child was a deprived child.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED MAY 7, 1975 — DECIDED FEBRUARY 12, 1976 — REHEARING DENIED MARCH 10, 1976 — 

*Frank M. Gleason, James A. Secord,* for appellant. *Fletcher & Watson, Joseph F. Dana,* for appellee.