## 31195. SANCHEZ v. WALKER COUNTY DEPARTMENT OF FAMILY & CHILDREN SERVICES.

Ingram, Justice.

This is a child deprivation case from the Juvenile Court of Walker County which was decided adversely to the parent (mother) having custody of the child. The mother appealed from that decision, enumerating a number of alleged errors. The Court of Appeals affirmed the decision of the juvenile court, finding the child was a deprived child.[1] However, that court found it unnecessary to decide several enumerations of error dealing with certain statutory procedural requirements of the Juvenile Code. We granted certiorari to consider whether these errors materially affected the juvenile court proceedings and we now reverse.

The mother complains of three statutory procedural deficiencies in the juvenile court: (1) failure of the juvenile

---

[1]The child remains in the present care of the mother under a supersedeas order entered by the trial court.

court to set a hearing within 10 days from the date the petition was filed as required by Code Ann. § 24A-1701 (a) when a child is "in detention"; (2) failure to give the mother prompt written notice that her child was being taken into custody as required by Code Ann. § 24A-1402 (a) (2). (The written notice to the mother here came eight days after the child was taken into custody); and, finally, (3) the failure of the juvenile authorities to hold an informal detention hearing within 72 hours after the child was placed in detention with reasonable notice to the parent, or parents, including notice of the right to counsel and appointment of counsel if the parents are needy persons. See Code Ann. § 24A-1404 (c).

The jurisdiction of juvenile courts under the 1971 Code includes children who are "deprived" as well as those who are "delinquent" or "unruly." Code Ann. § 24A-301 (a) (1). The procedural requirements of the Code are applicable when a child is taken into custody or temporarily detained, regardless of whether it is for alleged delinquency, unruliness, or deprivation. Code Ann. § 24A-1402 (a) (2). Under the supervision of the juvenile court, any person "who has knowledge of the facts alleged or is informed and believes that they are true" may file a petition alleging that a child is deprived. The Georgia Department of Family & Children Services is specifically authorized by statute to investigate complaints of child abuse and bring them to the attention of the court. See Code Ann. § 99-211 (b) (2). The juvenile court may then enter an order taking the child into custody. Code Ann. § 24A-1301. The detention or taking of a child into custody triggers the application of the procedural requirements of the Juvenile Code.

In most of the appellate court decisions of this state construing our juvenile court code (see, generally, *Brown v. State*, 235 Ga. 353 (219 SE2d 419) (1975); *A.B.W. v. State of Ga.*, 231 Ga. 699 (203 SE2d 512) (1974); *J.G.B. v. State of Ga.*, 136 Ga. App. 75 (220 SE2d 79) (1975); *G.M.J. v. State of Ga.*, 130 Ga. App. 420 (203 SE2d 608) (1973); *K.M.S. v. State of Ga.*, 129 Ga. App. 680 (200 SE2d 499) (1973), but, see *Nix v. Dept. of Human Resources*, 236 Ga. 794 (225 SE2d 306) (1976)), the procedural requirements of due process contained in the Code have been invoked to

protect the rights of an allegedly delinquent or unruly child. These same procedural requirements are being invoked in this case by the mother of an allegedly deprived child to protect the mother's parental interests in the child and in the court proceedings involving the child. However, we are met with a strong argument by the state that, assuming these procedural requirements were not followed in this case, the failure to do so was harmless.

Specifically, the state argues that these procedural errors related solely to the preadjudication detention hearing in the juvenile court and it is collateral to, and distinct from, the judgment rendered by the court in the child deprivation proceedings. Therefore, it is argued that any errors which might have been committed in detaining the child, before he had been adjudicated a "deprived child," are washed out and legally must be ignored after an adjudication determination. Thus, the state reasons that any prior procedural error is harmless and does not constitute grounds for reversing the subsequent adjudication of deprivation by the juvenile court. Cf. *T.K. v. State of Ga.,* 126 Ga. App. 269 (190 SE2d 588) (1972). We find this argument to be unpersuasive in this case.

In the first place, this argument is not applicable to the mother's contention that the adjudicatory hearing was set more than 10 days from the date the petition was filed in the juvenile court. There are four Georgia Appeals decisions interpreting this section. They are: *E.S. v. State of Ga.,* 134 Ga. App. 734 (215 SE2d 732) (1975); *Brown v. Fulton County Dept. of Family & Children Services,* 136 Ga. App. 308 (220 SE2d 790) (1975); *Sanchez v. Walker County Dept. of Family & Children Services,* 138 Ga. App. 49 (225 SE2d 441); and *J. B. H. v. State of Ga.,* 139 Ga. App. 199. We read these cases to hold that the language of Code Ann. § 24A-1701(a) is mandatory and that the adjudicatory hearing must be set for a time not later than that prescribed by the statute. However, these cases also hold that this procedural requirement can be waived. Under the cases, if the party does not enter an objection during the course of the trial he will not be heard to complain on appeal, and, if a hearing is set within the statutory time limit, the court may in its discretion grant a continuance. We agree with these decisions.

The 10-day hearing requirement of Code Ann. § 24A-1701 (a) is applicable when a child is "in detention" on the date the petition is filed in court. The Court of Appeals pretermitted this question and did not determine whether a failure to set the hearing within 10 days would require a dismissal of the petition. The facts of this case lead us to conclude that this child was "in detention" on the date the petition was filed in the juvenile court. The child had been placed in the Children's Hospital in Chattanooga by the mother. The child was there on the date the Department of Family & Children Services filed a petition alleging the child was a deprived child. The employees of the hospital held the child at the behest of the Walker County, Georgia, Department of Family & Children Services. The mother was told that if she attempted to remove her child from the hospital she would be put in jail. Thus, within the ordinary meaning of the word, the child was being detained on the date the petition was filed in court.

We now reach the question of whether failure to set the hearing within 10 days from that date required dismissal of the petition. In her answer, the mother alleged, inter alia, that because of this failure to set a hearing within the statutory time limit, the proceedings were illegally before the'juvenile court. However, on the date set for the initial hearing a continuance was agreed to on behalf of the parties. It also appears from the transcript that at this point petitioner effectively abandoned this objection and never obtained a ruling from the trial court on it. The reasoning of the prior decisions of the Court of Appeals persuades us that under these circumstances the mother cannot now successfully raise this objection on appeal.

We turn next to a consideration of the requirement of Code Ann. §§ 24-1404 (c) and 24A-1402 (a). The mother contended in the trial court that these provisions are mandatory and she makes the same argument on appeal. The state argues that these provisions should be construed as directory only and that if they are construed as mandatory, failure to follow them was harmless error since they did not occur in the adjudicatory hearing of the juvenile court. The Court of Appeals found it unnecessary

to consider these enumerations of error concerning the preadjudication detention of the child since it was reviewing the judgment of the juvenile court in the deprivation proceeding. We believe that these enumerations of error must be considered.

We inquire first whether these procedures are mandatory or directory. See *Barton v. Atkinson,* 228 Ga. 733 (187 SE2d 835) (1972). The plain wording of the Code that these things "shall" be done would indicate that they are mandatory. However, the state's argument that the procedures are directory has support in the following rule of statutory construction: "[L]anguage contained in a statute which . . . commands the doing of a thing within a certain time, when not accompanied by any negative words restraining the doing of the thing afterward, will generally be construed as merely directory and not as a limitation of authority, and this is especially so where no injury appeared to have resulted from the fact that the thing was done after the time limited by the plain wording of the Act." *Barton,* supra, p. 739. See also *O'Neal v. Spencer,* 203 Ga. 588 (47 SE2d 646) (1948); *Middleton v. Moody,* 216 Ga. 237 (115 SE2d 567) (1960); *McLendon v. Everett,* 205 Ga. 713, 717 (55 SE2d 119) (1949).

It is the final clause to this rule further elaborated upon in *McLendon,* supra, at pp. 717, 718, that gives us concern in this case: "A statutory provision is generally regarded as directory where a failure of performance will result in no injury or prejudice to the substantial rights of interested persons, and as mandatory where such injury or prejudice will result." A failure to comply with notice and hearing requirements of the juvenile code after an allegedly deprived child has been taken from the parent's custody does prejudice or injure the rights of the parent, primarily the right to possession of the child. See Code Ann. §§ 74-106, 74-108, and 74-203.

In addition, the Code recognizes that the parent is a "party" to proceedings involving his child. See *D. C. A. v. State of Ga.,* 135 Ga. App. 234 (217 SE2d 470) (1975). Code Ann. § 24A-2001 (a) grants to "parties" the right to be represented by legal counsel at all stages of any proceedings alleging deprivation. Code § 24A-1404 (c) requires the court to inform the "parties" of their right to

legal counsel, and to appointed counsel if they are needy persons, prior to commencement of the detention hearing. This substantial right of a parent is threatened by a failure to follow the notice and hearing requirements contained in the Code. This parent (the mother) specifically contends that her timely right to counsel was prejudiced in this case and she did lose the case in the trial court. Consequently, we determine that these procedures are mandatory and reject the state's argument that a failure to comply with these notices and hearing requirements of the Code is harmless.

We, therefore, hold that the notice and hearing requirements of §§ 24A-1404 (c) and 24A-1402 (a) are mandatory and must be adhered to in order for the juvenile court to proceed with the adjudicatory hearing. These procedural safeguards are easily followed. If, for some reason they are not, dismissal of the petition would be without prejudice. Another petition can be filed without delay if there is reason to believe the child is being neglected or abused.

Child abuse is a grievous and lamentable problem. Our children, the pride of every generation and the seed corn of the future, must be protected. The General Assembly has elaborately provided how this is to be done. We see it as our duty to enforce the statutory procedures established by the General Assembly. We applaud the important function performed by the Department of Family & Children Services in protecting children who are mistreated by their parents. However, wresting a child away from the care and custody of its parents is of serious consequence. It is so drastic that it should be attended only by the most stringent procedural safeguards. See *Nix v. State,* supra. It is with this in mind that a compliance with these procedural provisions must be observed in the proceedings. The judgment of the Court of Appeals is reversed because of the failure in the trial court to follow these requirements in this case.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 12, 1976 — DECIDED SEPTEMBER 7, 1976.

*Frank M. Gleason, James A. Secord,* for appellant.
*Arthur K. Bolton, Attorney General, Joseph F. Dana, Deputy Assistant Attorney General, James C. Pratt, Staff Assistant Attorney General,* for appellee.