## 55671. CREWS v. BRANTLEY COUNTY DEPARTMENT OF FAMILY & CHILDREN SERVICES.

BIRDSONG, Judge.

The appellant is the natural mother of two sons aged 12 years and 8 years. The facts show that these two children were taken into custody on November 21, 1977, at school by an employee of the appellee and the Sheriff of Brantley County. On November 23, 1977, a petition was filed by appellee in the Superior Court of Brantley County alleging that the two juveniles were deprived children as defined by Code Ann. § 24A-401. On the same date, November 23, 1977, the juvenile court issued an order authorizing the sheriff to take into custody the two juveniles and authorizing the children to be kept in foster care. The juvenile court scheduled a hearing for December 5, 1977, at 2:30 p.m. The mother of the juveniles was served with a copy of the petition and orders on November 23, 1977. On December 2, 1977, appellant filed a motion to dismiss alleging certain grounds, among these being that the court failed to set a hearing date no later than 10 days after the filing of the petition (Code Ann. § 24A-1701 (a)). The motion to dismiss was overruled and the hearing was held on December 5, 1977, pursuant to the court's order and the court issued an order declaring the children to be deprived children without proper parental care and transferred temporary legal custody from the mother (appellant) to the appellee. Appellant appeals said order and alleges nine enumerations of error. *Held:*

1. Enumerated error no. 1 contends that the Juvenile Court of Brantley County erred in failing to dismiss the petition for failure to comply with Code Ann. § 24A-1701 (a) which requires a hearing to be held no later than ten days after the filing of a petition after the child

has been placed in detention.

The facts show that the juveniles were taken into custody on November 21, 1977. On November 23, 1977, a petition was filed and a hearing date was set for December 5, 1977, twelve days later. It is thus apparent that the hearing date was not within the ten-day period as required by Code Ann. § 24A-1701 (a).

"Code Ann. § 24A-1701 (a) is mandatory and that the time for the hearing must be set for a time not later than 10 days after the petition is filed." *Brown v. Fulton County Dept. of Family &c. Services,* 136 Ga. App. 308, 309 (220 SE2d 790). In *J. B. H. v. State of Ga.,* 139 Ga. App. 199, 203 (228 SE2d 189), this court held: "Time limits established by the General Assembly in the Juvenile Court Code are jurisdictional and must be strictly adhered to." Accordingly, the trial court erred in failing to grant appellant's motion to dismiss the petition.

2. In view of our holding in the first headnote of this opinion, it is not necessary to pass on the remaining enumerations of error.

*Judgment reversed. Bell, C. J., and Shulman, J., concur.*

ARGUED APRIL 10, 1978 — DECIDED JUNE 23, 1978.

*Roy M. Sobelson, John L. Cromartie, Jr.,* for appellant.

*David L. Cavender,* for appellee.