## 56269. COX et al. v. DEPARTMENT OF HUMAN RESOURCES.

SHULMAN, Judge.

The Coxes bring this appeal from an order terminating their parental rights with respect to their daughter.

1. In five enumerations of error, appellants contend that procedural defects in the conduct of the litigation which culminated in the order from which this appeal is taken, render the judgment void. Our review of the record and statutory and decisional authority convinces us that none of the asserted errors requires reversal.

A. Two enumerations of error are directed to the failure of the trial court to set hearings within the time limits provided in Code Ann. § 24A-1701 (a). The record shows that appellants' factual assertions in that regard are correct: the trial court did fail to follow the mandate of the cited Code section. We do not, however, accept the result appellants insist must follow from the trial court's failure.

Citing *Sanchez v. Walker County Dept. of Family &c. Services,* 237 Ga. 406 (229 SE2d 66), appellants argue that the statutory requirements of Code Ann. § 24A-1701 (a) are mandatory and noncompliance requires reversal. That case did hold that the time limits on setting hearings are mandatory, but the Supreme Court also approved of cases holding that the procedural requirements could be waived. Id., p. 408. In that case, they were waived by the appellant's action in agreeing on the day set for the original hearing to a continuance. Id., p. 409. In this case, appellants appeared at the first hearing with counsel and consented to an order placing temporary custody of their daughter in the appellee. We hold that appellants' appearance at and participation in the first hearing, without proper objection, constituted a waiver of the procedural defects enumerated as error on this appeal. Compare *Crews v. Brantley County Dept. of Family &c. Services,* 146 Ga. App. 408 (246 SE2d 426), where the parents, prior to the first hearing, filed a motion to dismiss based on procedural defects.

B. On the authority of *J.B.H. v. State of Ga.,* 139 Ga.

App. 199 (2) (228 SE2d 189), appellants contend that the failure to perfect service on them in accordance with Code Ann. § 24A-1701 (a) constitutes a fatal defect rendering all subsequent proceedings nugatory. *J. B. H.* involved a failure to perfect proper service on the child. This case, involving service on the parents, is controlled, as to this issue, by subsection (e) of Code Ann. § 24A-1701: "A party, other than the child, may waive service of summons by written stipulation or by voluntary appearance at the hearing." Appellants' voluntary appearance waived any deficiency of service.

C. Certain of the orders issued in the early stages of this litigation contained no findings of fact or conclusions of law. In *W. R. G. v. State of Ga.,* 142 Ga. App. 81 (235 SE2d 43), this court held that a juvenile court, in ruling on deprivation petitions, must make findings of fact. See Code Ann. § 24A-2201 (a). In that case, there were none, and this court remanded the case with direction that the trial court vacate its order and prepare proper findings of fact and conclusions of law.

There is, however, an essential distinction between that case and this one. There, the order complained of was an order denying a petition alleging deprivation. That order constituted a ruling on the petition. Here, the orders which appellants contend are inadequate were preliminary orders continuing the custody of appellants' daughter in the appellee pending further hearings and orders, and did not constitute rulings on the deprivation petition. We find such orders to be within the ambit of Code Ann. § 24A-2201 (e): "On its motion or that of a party, the court may continue the hearings under this section for a reasonable period to receive reports and other evidence bearing on the disposition or the need for treatment or rehabilitation. In this event, the court shall make an appropriate order for detention of the child or his release from detention subject to supervision of the court during the period of the continuance." Accordingly, there was no error in the omission from the interlocutory orders in this case of findings of fact and conclusions of law.

D. Incorporating their arguments on the procedural issues discussed above, appellants contend that the judgment from which this appeal is taken is void because

it is inextricably intertwined with earlier defective procedure in this case. The procedural arguments were presented to the trial court by means of a motion to dismiss. Although there appears in the record no order denying the motion to dismiss, it is clear from the transcript of the final hearing on the issue of deprivation that the court overruled the motion, holding that the various procedural errors committed in the early stages of the litigation had been waived or cured by subsequent proceedings. Since, as we have held, there is no basis for reversal in the procedural issues, we find to be without merit appellants' contention that the early errors render void the final judgment.

2. In arguing for reversal of the order terminating their parental rights, appellants contend that the state may not take a child from his parents, alienate the parent-child relationship, and then claim the shock of returning the child to the parents would be contrary to the best interest of the child. Based on the decision of *Leyva v. Brooks,* 145 Ga. App. 619 (2) (244 SE2d 119), we agree with the proposition advanced by appellants. We do not agree, however, that the state has taken such a position in this case or that the trial court was influenced by any such consideration. Our review of the record reveals only one reference to potential harm to the child by returning her to her parents after an enforced absence. That reference was in the testimony of a witness for the state while being examined by the trial court. The remark was unresponsive to the question asked by the court, and the trial court's reaction in reframing the question indicates that it did not find the assertion at all persuasive in determining the question of deprivation. We find no merit in the enumeration of error raising this issue.

3. Contending that the definition of "deprivation" as used in Code Ann. Ch. 24A-4 is so vague that there are no ascertainable standards in the statute for applying the term, appellants have attempted on this appeal to mount a constitutional attack on the statute under which their parental rights have been terminated. However, the attack was not made in or ruled upon by the trial court. Accordingly, no question relating thereto is presented to this court for decision. *Phillips v. National-Ben Franklin*

*Ins. Co.,* 127 Ga. App. 845 (1) (195 SE2d 285).

4. Appellants argue that the state has maintained such inconsistent positions in its pleading and proof that its whole case is negated. This argument is based on the fact that subsequent to the taking of appellants' daughter from their home, appellants had another child. That child has been left in the home and no attempt has been made to remove him or to secure an adjudication that he is a deprived child. Appellants' argument, then, is that if the second child is not deprived, the first one must not be either.

The evidence, however, does not bear out appellants' position. There was abundant evidence that appellants are unable to learn the basic skills necessary to provide an adequate growing environment for a child. According to the state's witnesses, it is only through the constant intervention of social welfare agencies that appellants' second child is maintained at a level above deprivation. Those witnesses testified that the presence of another child in appellants' home would so tax the ability of the social welfare agencies involved that neither child would have an adequate environment.

We find no fatal inconsistency in the pleadings and proof of the state. The evidence authorized a finding that, at the time she was taken from appellants' custody, appellants' daughter was a deprived child. The evidence concerning present conditions in the home and the opinion evidence concerning appellants' inability, even with state aid, to maintain a home for two children authorized a finding that the conditions and causes of that deprivation are likely to continue. The fact that the appellants' second child is, because of constant attention from social welfare agencies, not now deprived, is not inconsistent with those findings.

5. Appellants contend that since the trial court did not find that appellants were unfit to be parents because of "profoundly detrimental and egregious parental conduct" (*Leyva v. Brooks,* supra, p. 624), the order terminating their parental rights was unauthorized. We cannot agree.

"[T]he definition of 'deprived child' focuses upon the needs of the child *regardless of parental fault." Brown v.*

*Fulton County Dept. of Family &c. Services,* 136 Ga. App. 308, 309 (220 SE2d 790). In the instant case the inquiry at the deprivation hearing was not whether the parents, for their conduct, deserved to have their parental rights terminated. The question was whether the child ". . . is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals. . ." Code Ann. § 24A-401 (h). It is clear from the record in this case that the trial court applied the appropriate standards of Code Ann. §§ 24A-401 (h) and 24A-3201 (a) (2). The determination of the trial court that the child here involved is deprived and that the causes and conditions of that deprivation are likely to continue was supported by the evidence and will not be disturbed. *Roberts v. State of Ga.,* 141 Ga. App. 268 (233 SE2d 224). As to the contention that there must be an explicit finding that the parents are "unfit," we find no such requirement under present Code Ann. § 24A-3201 (a), "Termination of Parental Rights," and we refuse to impose such a requirement. See *Powell v. Dept. of Human Resources,* 147 Ga. App. 251. We note that former Code Ann. § 24-2427 authorized termination of parental rights upon a finding of "unfitness."

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 18, 1978 — DECIDED NOVEMBER 7, 1978.

*Baer & Kirbo, J. Dan Baer, Jr.,* for appellants.

*Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Don A. Langham, First Assistant Attorney General, Michael J. Bowers, Senior Assistant Attorney General, J. Dunham McAllister,* for appellee.