## 57533. McBURROUGH v. DEPARTMENT OF HUMAN RESOURCES.

McMURRAY, Presiding Judge.

On November 16, 1978, a caseworker for the Lowndes County Department of Family & Children Services brought a petition for temporary custody of three minor children alleging them to be deprived and without proper adult supervision and that it was in the best interest of the children that they be placed in temporary protective custody for placement and supervision until a complete evaluation of the circumstances could be made. The father of two of the children was alleged to be unknown. A rule nisi was issued on the same date, placing the children in the custody of the Lowndes County Department of Family & Children Services; but no summons as required by Code Ann. § 24A-1701 (Ga. L. 1971, pp. 709, 727; 1974, pp. 1126, 1129) was issued and no service of this order or the summons (Code Ann. § 24A-1702, Ga. L. 1971, pp. 709, 728) is shown as being served on the parents of the minor children.

Thereafter, an order was issued on December 7, 1978, "pursuant to notice, to determine if temporary custody of said children should be continued with petitioner." However, we find no service upon anyone of this particular referred-to notice. The juvenile court therein concluded that the children would continue to be in a deprived state if returned home, the stepfather is to undergo criminal proceedings for the alleged charge of child abuse, and the temporary custody of the children was ordered continued with the Lowndes County Department of Family & Children Services. The mother of the children appeals. *Held:*

1. Under the decision of *Sanchez v. Walker County Department of Family &c. Services,* 235 Ga. 817 (221 SE2d 589) reversing s. c., 135 Ga. App. 891 (219 SE2d 583), the judgment here was a final order subject to appeal even though it provided for only temporary custody. See also *Sanchez v. Walker County Dept. of Family &c. Services,*

138 Ga. App. 49 (225 SE2d 441) reversed in s. c., 237 Ga. 406, 411 (229 SE2d 66 ).

2. Where the interest of the child is adverse to that of the parent there can be no waiver of counsel by the parent. Under our juvenile code, all parties, including the child, should be represented by an attorney. See in this connection, In re Gault, 387 U.S. 1 (87 SC 1428, 18 LE2d 527); *K. E. S. v. State of Ga.,* 134 Ga. App. 843 (2), 847 (216 SE2d 670). In the case sub judice neither the parent-mother nor the child was represented by counsel at the dispositional hearing. The court also has authority vested in it to appoint a guardian of the person or property of any child, and certainly a guardian ad litem should have been appointed for these children. See Code Ann. § 24A-302 (Ga. L. 1971, pp. 709, 713; 1974, pp. 1126, 1127). Indeed, from a reading of the transcript there was no counsel present, although the hearing was conducted before the court with both parents being present (mother of all the children and the father of one), as well as a representative of the Department of Family & Children Services, who was also present. The court did inquire of the mother if she was employed. She stated that she was unemployed but was "getting a check for the children. That was all." She further stated that this was through welfare; that she was 20 years of age, stayed with her mother, that she tried to get a lawyer from the legal services program where she was advised an attorney would be appointed for her and that the check she gets for the children is "105" which she receives every month.

3. We find no waiver as to the rights of the mother of the children. Indeed, we do not even see where there was a proper service upon the parties here. Nor does the hearing appear to have been taken under oath or waived by any of the parties present. There is no doubt that the mother is indigent as shown by the few questions asked of her as to her financial ability to employ counsel. It is apparent from his statements in the transcript that the juvenile court judge was desirous to act in the best interests of the minor children. However, the proceedings appear to be an absolute nullity. Hence, the case is remanded for further consideration in accordance with law, that is, Code Ch. 24A, the Juvenile Court Code of Georgia. In particular,

see Code Ann. § 24A-1701 (d) (Ga. L. 1971, pp. 709, 727; 1974, pp. 1126, 1129), and Code Ann. § 24A-2001 (Ga. L. 1971, pp. 709, 730), and *Nix v. Dept. of Human Resources*, 236 Ga. 794, 796 (225 SE2d 306).

*Remanded for further consideration. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

SUBMITTED APRIL 3, 1979 — DECIDED MAY 29, 1979.

*Graham Clarke,* for appellant.

*Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General,* for appellee.