61429. IRVIN v. DEPARTMENT OF HUMAN RESOURCES.

SOGNIER, Judge.

The Juvenile Court of White County awarded temporary custody of appellant's two minor children to the Department of Family and Children Services.

1. Appellant enumerates as error the trial court's failure to grant her motion to dismiss based on a procedural defect which deprived the trial court of jurisdiction. The minor children were taken into custody on June 11, 1980 pursuant to an order of the court issued under the provisions of Code Ann. §§ 24A-1301 (a) (4) and 24A-1401; the order stated that it was necessary for the protection of said children and/or society that they be placed in emergency shelter care. A detention hearing was held on June 16, 1980, five days after the children were taken into custody. Appellant contends that Code Ann. § 24A-1404 (c) requires that an informal detention hearing must be held within 72 hours after the children had been taken into custody.

There is no transcript or record of the June 16, 1980 detention hearing, nor is there any indication that appellant raised an objection to noncompliance with the 72 hour time limit at the detention hearing. Although the procedural requirements of the juvenile court code have been held to be mandatory, such requirements can be waived. *Sanchez v. Family &c. Services,* 237 Ga. 406 (229 SE2d 66) (1976). In this case appellant apparently appeared at the first hearing, but failed to properly raise the alleged procedural defect,

thereby waiving her objection. *Cox v. Dept. of Human Resources,* 148 Ga. App. 43 (250 SE2d 839) (1978), overruled on other grounds; *Chancey v. Dept. of Human Resources,* 156 Ga. App. 338 (274 SE2d 728) (1980).

2. Appellant also contends that the Juvenile Court erred in failing to dismiss the petition seeking temporary custody for failure to comply with Code Ann. § 24A-1701 (a), which requires a hearing to be held no later than 10 days after the filing of the petition if the child is in detention. The petition was filed on June 24, 1980 and the hearing was set for, and held, on August 18, 1980, well beyond the 10 day limitation. Appellant's motion to dismiss was raised timely at the hearing and should have been granted. Code Ann. § 24A-1701 (a) is mandatory and jurisdictional, and requires that the hearing must be set no later than 10 days after the petition is filed. *Crews v. Family &c. Services,* 146 Ga. App. 408 (246 SE2d 426) (1978); *J. B. H. v. State of Ga.,* 139 Ga. App. 199, 203 (228 SE2d 189) (1976).

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JUNE 10, 1981 —
REHEARING DENIED JUNE 29, 1981.

*Edward L. Hartness* for appellant.

*Arthur K. Bolton, Attorney General, Michael J. Bowers, Senior Assistant Attorney General, Don A. Langham, First Assistant Attorney General, Vivian Davidson Egan, Assistant Attorney General, David A. Fox, Special Deputy Assistant Attorney General,* for appellee.