62616. PAGE v. SHUFF.

POPE, Judge.

Appellant mother Linda S. Page and appellee father Judson Clyde Shuff were divorced in 1974; at that time the mother was awarded custody of their three-year-old son, Jason, by agreement of the parties. On July 6, 1977 an ex parte petition alleging that Jason had been abused, neglected and deprived while in his mother's custody was filed by the father in the Juvenile Court of Gwinnett County. The juvenile court entered an ex parte order placing temporary custody in the father pending a hearing to be held August 2, 1978 for a more permanent custody adjudication. After the August 2 hearing at which the mother appeared and extensive evidence was presented, the juvenile court found the child to be in a state of neglect and deprived within the meaning of the law and placed temporary custody in the father.

On July 31, 1980 the father filed a second petition, requesting a hearing and extension of the 1978 order because the temporary custody granted to him would expire after two years unless renewed for an additional period of time. A hearing was scheduled by the court for September 3, 1980, continued at the request of the mother and finally heard on September 23. Copious testimony was again presented by the father, and denied by the mother, as to the deleterious conditions of the mother's life-style. At the close of the evidence the juvenile court withheld decision in order to review the facts and law and to give the parties the opportunity to submit by brief any law relevant to the case. On October 3, 1980 the mother filed a motion to dismiss which raised for the first time the objection that the extension was not within the two-year limitation on orders of disposition required by Code Ann. § 24A-2701 (c). On April 24, 1981 the juvenile court entered an order containing findings of fact and conclusions of law which (a) established that the child's mother, an army lieutenant stationed at Fort Stewart, was not then able to provide the proper parental care, supervision and guidance necessary for the child's physical, mental and emotional health; (b) overruled the motion to dismiss; and (c) again placed temporary custody in the father. The mother appeals, contending (1) that the Gwinnett County Juvenile Court lacked jurisdiction over her; (2) that the father's petition for renewal of temporary custody was not timely filed; and (3) that the petition contained no statement of the factual basis for the extention of the previous temporary custody order.

1. At the time the petition alleging deprivation was filed the father resided in Gwinnett County; the child had lived with him during the summer of 1977 and has remained in his home at all times since then. The proper venue for bringing a deprivation proceeding is "the county in which the child is present when it is commenced." Code Ann. § 24A-1101. Jurisdiction over the person of the mother is not relevant unless *only* the termination of parental rights is involved. *Chandler v. Cochran,* 247 Ga. 184 (1) (275 SE2d 23) (1981).

2. While the father's petition was filed within the two-year limitation required by Code Ann. § 24A-2701 (c) (1), the hearing was not set by the juvenile court until after the expiration of that period. Subsequently, the mother requested a further continuance, which was granted. At no time prior to trial or during her appearance at the hearing was any objection made on this ground; only after trial and by motion to dismiss did she attempt to raise this issue. Her appearance and participation in the hearing without proper objection constituted a waiver of such procedural defects. *Cox v. Dept. of Human Resources,* 148 Ga. App. 43 (1A) (250 SE2d 839) (1978);

accord, *Sanchez v. Walker County Dept. of Family & Children Services,* 237 Ga. 406, 409 (229 SE2d 66) (1976).

3. While the father's petition to extend his temporary custody did not specifically allege that the child continued to be deprived, it did refer to the order of August 2, 1978 granting temporary custody to him after hearing evidence on this ground and recited that it was "necessary that a new hearing be held in this regard." The order which was cited and incorporated by reference into the petition clearly stated that the custody change was based upon the deprived condition of the child. It was also patent from the evidence presented at the hearing requested in the petition that the extension was sought because of the continued deprived condition of the child. The mother raised no objection to the form of the petition or to any other procedural matters in the juvenile court. Since it was implicit from the disposition made in the court's order and the evidence adduced at trial that the petition was based solely on deprivation, it was unnecessary to make an explicit allegation or finding thereof. See *Rodgers v. Dept. of Human Resources,* 157 Ga. App. 235 (1) (276 SE2d 902) (1981); *Moss v. Moss,* 135 Ga. App. 401 (1) (218 SE2d 93) (1975). We find no reversible error for any reason assigned.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 11, 1982.

*Thomas L. Williams,* for appellant.
*James W. Garner, Dennis T. Still,* for appellee.