Beasley, Judge,
concurring specially.
As to Division 2 of the majority opinion, I would not leave any room for the argument that the court’s holding meant that so long as the juvenile court entered a date-setting order within 10 days, the statutory limitation would be satisfied. The intent of the statute is that the hearing be held within 10 days after the petition has been filed, if the child is in detention. Otherwise the court loses jurisdiction.[1] Naturally, in order to give notice to all parties who must be assembled for that hearing, the court would have to, in advance of the hearing, fix a date. Thus it goes without saying that the fixing of the date must also be within that 10-day period.
However, this is not to say that the requirement is rigid and that the hearing must in all cases be held as scheduled within that 10-day period. A continuance may be granted in the sound legal discretion of the court. Brown v. Fulton County Dept. of Family &c. Services, 136 Ga. App. 308, 309 (1) (220 SE2d 790) (1975); J. B. v. State, 171 Ga. App. 373 (319 SE2d 465) (1984). Of course, the rescheduling cannot be arbitrary but must be for a good reason, as the court must keep in mind the objective of holding the hearing quickly, within 10 days.
Here, the hearing was originally set on October 4 for October 13, the 10th day after the petition was filed. Then on October 5, “Upon the Court finding it necessary to continue said hearing, good cause being shown, ...” the court ordered the scheduled hearing to be continued to October 19.
*823 Appellant has not shown an abuse of discretion or that there was not good cause for the re-setting. Thus there was no error in failing to dismiss the petition for failure to comply with OCGA § 15-11-26 (a).

 Irvin v. Dept. of Human Resources, 159 Ga. App. 101, 102 (2) (282 SE2d 664) (1981).