69260. WILKINS v. DEPARTMENT OF HUMAN RESOURCES.
(329 SE2d 266)

POPE, Judge.

Appellant Julian Wilkins, putative father of J. D. H., brings this appeal from an order of the Juvenile Court of Elbert County which terminated his parental rights to the minor child and granted permanent custody to appellee Department of Human Resources (DHR). The record reveals that the child was born to Brenda Huff on April 13, 1978 during her marriage to, but separation from, Oslin K. Huff who is named as the child's father on the birth certificate. At the time of the birth of J. D. H., Mrs. Huff had three older children, two by Mr. Huff and the oldest by another not party to this case. In August 1982 a petition alleging the deprivation of all four children and listing appellant as the father of J. D. H. was brought in the Juvenile Court of Elbert County to place them in the temporary custody of others. With the consent of the mother, two of the children were placed with relatives; J. D. H. and the younger of Mr. Huff's children with DHR. Appellant was served by publication, as well as receiving personal service, notifying him of the 1982 proceedings. He made no appearance nor otherwise participated in the proceedings. Brenda Huff died on May 12, 1983. On March 30, 1984 DHR brought a petition to terminate the parental rights of appellant and Mr. Huff in J. D. H. as well as Mr. Huff's rights in his child who had previously been placed with J. D. H. in the custody of DHR. The legal father of the children, Mr. Huff, voluntarily surrendered to DHR his parental rights in the children. The petition recited that "[t]he putative father of [J. D. H.] is alleged to be Julian Wilkins," appellant herein. Further, "[h]e has not taken any steps to legitimate this child and has never supported, lived with, nor provided said child with the necessities of life. He has willfully abandoned said child and said child is parentless." One week before the hearing, appellant was personally served with a copy of the petition and summons by a caseworker for the Elbert County Department of Family and Children Services (DFACS). He appeared at the hearing and testified, after which the trial court entered an order terminating his parental rights in J. D. H. The order stated that appellant had failed to present sufficient proof of paternity to show that the child was not born as the legitimate offspring of the marriage of the child's mother to Mr. Huff. The court further found appellant's wilful abandonment of J. D. H.

1. Appellant asserts that service by the Elbert County DFACS caseworker was improper thus nullifying the proceedings. There is no

merit to this argument. OCGA § 15-11-27 (c) provides for personal service of summons which "may be made by any suitable person under the direction of the court." The Juvenile Court of Elbert County specifically stated that the summons at issue be served upon appellant "by any case worker of the Elbert County Department of Family and Children Services. . . ." Thus, appellant was clearly served by one under the direction of the court. See also OCGA § 15-11-26 (f); *Cox v. Dept. of Human Resources*, 148 Ga. App. 43 (1B) (250 SE2d 839) (1978), overruled on other grounds, *Chancey v. Dept. of Human Resources*, 156 Ga. App. 338 (1) (274 SE2d 728) (1980).

2. Appellant next enumerates as error the failure of the trial court to provide him with a court-appointed attorney. In support, appellant relies upon OCGA § 15-11-30 (b) which provides in pertinent part: "[A] party is entitled to representation by legal counsel at all stages of any proceedings alleging . . . deprivation and if, as an indigent person, he is unable to employ counsel, he is entitled to have the court provide counsel for him. If a party appears without counsel, the court shall ascertain whether he knows of his right to counsel and to be provided with counsel by the court if he is an indigent person. The court may continue the proceeding to enable a party to obtain counsel and shall provide counsel for an unrepresented indigent person upon his request." The summons for hearing on the petition to terminate the parental rights in J. D. H. was directed to Mr. Huff and to appellant. It stated: "You are entitled to legal counsel in the proceedings and the Court will appoint counsel if you are unable without undue financial hardship to employ counsel." At the hearing, appellant appeared without legal counsel. This was noted by the trial court, but no other measures were taken to ascertain whether counsel should be appointed even though appellant was shown to be indigent. The record further reflects no request by appellant for appointment of legal representation.

In a related enumeration, appellant cites error to the trial court's finding of fact that he failed to prove paternity. Inasmuch as appellant's asserted right to court-appointed counsel and the DHR's arguments to the contrary are grounded in part upon this finding, we will examine the two issues together.

In regard to the issue of paternity, appellant showed only that he claimed to be the father of J. D. H. He admitted that the child was born during the marriage of the mother to Mr. Huff, but while they were separated. After the birth, appellant, who is over sixty years old, bought some milk and diapers and furnished Mrs. Huff with a wood heater and wood in the fall of 1978. Appellant did not have blood tests performed, nor did he ever institute legitimation proceedings. He never attempted to marry the mother, nor did he ever live with the child. A month or so after the death of the mother, appellant in-

quired with the Elbert County DFACS office as to whether he could visit with the child. He was told that he should begin legitimation proceedings and he was referred to the legal aid office. Although he did not begin such proceedings, appellant went every two or three months to visit J. D. H. where he was in DHR's custody, bringing the child two or three dollars. He also telephoned the child about once a month. From the transcript of the hearing, it appears that even then appellant did not seek custody of the child, only visitation and that the child have his name.

Appellant argues that a party within the meaning of OCGA § 15-11-30 (b) includes a parent in proceedings to remove the child from the legal custody of the parent or to sever parental rights. See *Sanchez v. Walker County DFACS*, 237 Ga. 406, 410 (229 SE2d 66) (1976); *McBurrough v. Dept. of Human Resources*, 150 Ga. App. 130 (2) (257 SE2d 35) (1979). See also Bell, "Termination of Parental Rights: Recent Judicial and Legislative Trends," 30 Emory L. J. 1065, 1092-1101 (1981). DHR essentially contends that the trial court's finding that appellant failed to prove paternity precludes his qualification as a "parent," thus negating his right to appointed counsel. Based upon the transcript of the hearing, we are inclined to defer to the trial court's finding that appellant failed to rebut the strong presumption of J. D. H.'s legitimacy as shown by his birth certificate bearing the name of the mother's husband, Mr. Huff, as J. D. H.'s father. "All children born in wedlock or within the usual period of gestation thereafter are legitimate. The legitimacy of a child born [as such] may be disputed. Where possibility of access exists, the strong presumption is in favor of legitimacy and the proof must be clear to establish the contrary." OCGA § 19-7-20 (a, b). "This presumption of legitimacy is one of the strongest and most persuasive known to our law." *Stephens v. State*, 80 Ga. App. 823, 825 (57 SE2d 493) (1950). "The question of whether appellant was the 'parent' . . . was a question of fact to be decided by the trial judge." *Ball v. State of Ga.*, 137 Ga. App. 333, 336 (223 SE2d 743) (1976).

Appellant argues that the 1982 order placing temporary custody of the children included a finding of fact that he is the father of J. D. H. Mrs. Huff was present at the 1982 hearing and it appears that she named appellant as the father. Assuming arguendo that the trial court incorrectly ignored the previous finding of fact as to appellant's status as the biological father, we find this harmless in light of the further finding of abandonment sufficient to terminate any parental rights to J. D. H.

We further hold that in this case, the trial court was not required to appoint legal representation for appellant as an indigent putative father. It is true that a putative father may be considered a parent. For example, under OCGA § 19-7-24, he shares with the mother of his

minor illegitimate child the joint and several duty to provide for the maintenance, protection, and education of the child until the age of the child's majority. However, it appears that the extent of the rights of the putative father are related to the performance of his duties as a parent. See generally *Sapp v. Solomon*, 252 Ga. 532 (2) (314 SE2d 878) (1984); *Nelson v. Taylor*, 244 Ga. 657 (1) (261 SE2d 579) (1979); *Quilloin v. Walcott*, 434 U. S. 246 (98 SC 549, 54 LE2d 511) (1978), affg. 238 Ga. 230 (232 SE2d 246) (1977); *Williams v. Davenport*, 159 Ga. App. 531 (284 SE2d 45) (1981). It follows that where an indigent putative father has performed little or no duties of a parent regarding support or even legitimation of the child, his entitlement to the protection of his rights through appointed representation is diminished. In this regard we adopt the reasoning and result of a similar case in the Florida Supreme Court, *In the Interest of D. B.*, 385 S2d 83 (Fla. 1980). Therein the court concluded that where permanent termination of parental rights might result, "counsel must be appointed for (1) the natural married or divorced indigent parents of the child, (2) the natural indigent mother of an illegitimate child, and (3) the natural indigent father of an illegitimate child when he legally has recognized or is in fact maintaining the child. We reject, however, any requirement for the mandatory appointment of counsel for the father of an illegitimate child who has not legally acknowledged or in fact supported the child." Id. at 91. Under this analysis, it is clear that the trial court was not required to appoint counsel for appellant in this proceeding as he had not legally acknowledged J. D. H. nor had he provided support for the child. The rights of the putative father in proceedings to terminate his parental rights are set forth in OCGA § 15-11-52 (b): the right to be notified according to the terms of the statute and to appear and be heard. These were accorded to appellant by the trial court and no reversible error occurred.

3. Appellant's final enumeration of error challenges the sufficiency of the evidence to support the order of the trial court terminating his parental rights. We disagree based upon the evidence set out in Division 2. The only contact between appellant and J. D. H. as shown in the record consists of some milk and diapers and the heater furnished within the first year of the child's life. No contact with the child is shown until approximately four and one-half years later, after the death of the mother and some fourteen months after the child had been placed in the custody of DHR. We do not find the two or three dollar gifts to J. D. H. every two or three months to constitute support provided for the child. "[I]t is clear from the facts of this case that appellant demonstrated no attempt to legitimate the child, establish any familial relationship with the child, or contribute in any way to the support of the child." *Thrasher v. Glynn County DFACS*, 162 Ga. App. 702 (293 SE2d 6) (1982). The trial court was authorized

to find abandonment and to terminate any parental rights to J. D. H.
*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 8, 1985 —
REHEARING DENIED MARCH 22, 1985. —

*Carol F. Baschon, Kay A. Giese, Mary R. Carden, Phyllis J. Holmen*, for appellant.

*Robert A. Johnson, Special Assistant Attorney General, Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, Mary Foil Russell, Staff Assistant Attorney General*, for appellee.