24910.   BRANNAN et al. v. KILPATRICK et al.

FRANKUM, Justice.   The plaintiffs, citizens and property owners of Gwinnett County filed a complaint against three named individuals as members of the Gwinnett County Board of Zoning Appeals and three other named individuals as members of the Board of Commissioners of Roads and Revenues of Gwinnett County seeking to enjoin the defendants from putting into effect an amendment to the zoning ordinance of Gwinnett County which rezoned a described tract of land from single family residential use, R-85, to multi-family residential use, RM-75.   The sole basis upon which the plaintiffs sought to attack the amendment to the zoning ordinance was that the application for rezoning filed by the owner of the property involved was incomplete in that it did not have attached thereto a plat showing the location of the buildings or other structures, creeks and easements referenced to the property lines of the tract; did not contain a comprehensive site development plan as required in the case of rezoning for multi-family development; did not show proposed street right-of-way lines showing the portions of the property to be dedicated for street widening, and that the plat before the planning commission did not have thereon an arrow indicating the direction of north, did not have a scale, did not show the land district and land lot of the property to be rezoned as required by the provisions of Art. 21 F of the zoning regulations of Gwinnett County.

It appears that Gwinnett County has adopted zoning regulations pursuant to the authority granted in the Act approved March 13, 1957 (Ga. L. 1957, p. 420 et seq.), as amended. *Code Ann. Ch.* 69-12.   Under that chapter and under the zoning regulations adopted by the county, individual property owners desiring to have their property rezoned must first make application to the county planning commission

**4**

setting forth in their application the proposed change and attaching thereto a description of the property to be rezoned together with a plat showing the details which the plaintiffs contend were omitted from the plat attached to the application. Under the Act, after the county planning commission reviews the application, it recommends to the county commissioners that the application be either approved or disapproved. After receiving the recommendation of the planning board, the county commissioners are required to hold a public hearing on the application giving at least fifteen days notice of the time and place of such hearing by publishing such notice in a newspaper of general circulation in the county. No change in or departure from the text or maps as certified by the county planning commission may be made unless such change or departure is first submitted to the planning commission for review and recommendation. In the instant case it appears without dispute from the evidence that at the time the county planning commission considered the application to rezone here in question, it did not have attached thereto a plat meeting the requirements of the zoning regulations, but that they had only a rough sketch showing the proposed use to be made of the property, and that after the planning commission had made its recommendation, but before the county commissioners acted on it a formal plat prepared by an engineer or surveyor, and substantially meeting the requirements of the zoning ordinance was attached to the application. However, the evidence also shows without dispute that those who were objecting to the rezoning of the property before the planning commission were represented by, or had as their spokesman or attorney, a Mr. Highsmith, who acted for the objectors and who agreed to the procedure which was followed, that is, that a proper plat could be filed before the commissioners ruled on the application. The appellants were bound by that agreement made by their representative. The evidence also showed without dispute that the plan or plat later attached to the application added nothing to, and took nothing from the plan considered by the planning commission.

A person may waive or renounce what the law has established in his favor when in so doing he does not thereby injure others or affect the public interest. *Code* § 102-106. The requirement that there shall be no change in the proposal

between the time the planning commission makes its recommendation and the time the county commissioners act upon it is a requirement incorporated in the law for the benefit of those who might have objections to the plan submitted. It is not clear from the record who were present and objecting to the proposal before the planning commission, but it is clear that the plaintiffs here were among those who were present and objecting, and it was competent for them to waive or renounce any formal requisite of the application if they saw fit to do so. The undisputed evidence shows that the spokesman for the objectors before the planning commission agreed that the applicant might, prior to the action to be taken by the county commissioners on his application, submit the plat required by the regulations. They do not now contend that the plat which was in fact before the county commissioners did not meet the requirements of the zoning regulation. Under these circumstances they can not be heard to complain before the superior court that the proceedings before the planning commission were irregular on account of the failure of the planning commission to have before it a proper plat. See *Moxley v. Kinloch*, 80 Ga. 46 (7 SE 123); *Wiggins v. Tyson*, 112 Ga. 744, 750 (38 SE 86); and *Swain v. State*, 162 Ga. 777 (6), 788 (135 SE 187). It follows that the trial court did not err in finding in favor of the defendants.

*Judgment affirmed. All the Justices concur.*

Argued November 12, 1968—Decided January 9, 1969.

*G. Hughel Harrison*, for appellants.
*Stark & Stark, Homer Stark, R. F. Duncan*, for appellees.