A04A1343. IN THE INTEREST OF A. J., a child.
(604 SE2d 635)

ELDRIDGE, Judge.

This is an appeal brought pro se by the child's natural father and legal custodian,[1] a Georgia prisoner, from a final deprivation order of the Juvenile Court of Fulton County. The father appears to contend that the juvenile court's order was void for want of subject matter jurisdiction and denial of his constitutional right to due process by not securing his presence at the deprivation hearing. The record shows that upon receiving notice of the deprivation proceedings in issue, the father requested that arrangements be made to enable him to appear personally and that counsel be appointed to represent him. Because he nonetheless was not afforded an opportunity to be heard, we reverse and remand with direction.

The record shows that the Department of Human Resources was granted temporary legal custody of the child upon a 2001 juvenile court order finding the child deprived for child molestation by the legal custodian father. The father was later convicted of two counts of aggravated child molestation and one count of child molestation and sentenced to fifty years confinement. The Department filed the instant deprivation petition on October 15, 2003, among other things, seeking renewed temporary custody of the child, an earlier order of the juvenile court placing the child in the temporary legal custody of

---

[16] See *Albee v. Krasnoff*, 255 Ga. App. 738, 744 (7) (566 SE2d 455) (2002).

[1] The father was granted legal custody of the child under a California divorce decree from the mother.

the Department having expired.[2] The juvenile court conducted its deprivation hearing on the petition on October 24, 2003. Given notice of the proceeding at Hays State Prison, the father by letter to the Department's attorney, dated October 21, 2003, and filed October 30, 2003, made his requests to appear personally and for the appointment of counsel to represent him. Although the mother had also been noticed, neither the mother nor the father appeared at the deprivation hearing.

The juvenile court appointed counsel for the father in early November 2003. At its in-court review of the case on December 8, 2003, at which the father and counsel for the father were present,[3] the juvenile court accepted the Department's case plan aimed at the eventual reunification of the child with the mother. On January 13, 2004, the juvenile court entered its order upon the October 24 deprivation hearing finding the child deprived and again placed temporary legal custody of the child in the Department. By the order complained of, entered contemporaneously, the juvenile court made the foregoing order its final judgment and scheduled a hearing in February 2004 upon the Department's motion for nonreunification and permanency. *Held*:

1. " 'The fundamental idea of due process is notice and an opportunity to be heard.' [Cits.]" *In the Interest of T. N. T.*, 258 Ga. App. 396, 398 (574 SE2d 444) (2002). "The Code recognizes that the parent is a 'party' to proceedings involving his child. See *D. C. A. v. State of Ga.*, 135 Ga. App. 234 (217 SE2d 470) (1975)." *Sanchez v. Walker County Dept. of Family &c. Svcs.*, 237 Ga. 406, 410-411 (229 SE2d 66) (1976). As parties to a deprivation hearing, parents are entitled to notice and an adequate opportunity to be heard. *In the Interest of T. N. T.*, supra at 398. We have also held that due process is not offended by the failure to secure the presence of an in-state prisoner at a deprivation hearing where the prisoner nonetheless was represented by counsel. *In the Interest of B. L. H.*, 259 Ga. App. 482, 486 (578 SE2d 143) (2003); accord *In the Interest of T. N. T.*, supra at 396; *In the Interest of C. T.*, 247 Ga. App. 522, 525 (2) (544 SE2d 203) (2001); *In the Interest of F. L. S.*, 232 Ga. App. 100, 101 (502 SE2d 256) (1998) (party-prisoner held out-of-state). However, a due process violation is unavoidable where, as here, there has been *no* opportunity to be heard. See *In the Interest of B. L. H.*, supra; *In the Interest of T. N. T.*, supra; see also OCGA § 15-11-6 (b) ("[A] party is entitled to

---

[2] "Except as otherwise provided by law, an order of disposition in a proceeding involving deprivation, . . . continues in force for not more than two years. The court may sooner terminate its order or extend its duration for further periods." OCGA § 15-11-58.1 (a).

[3] The presence of the father at the hearing was secured by transportation order entered by the juvenile court.

representation by legal counsel at *all* stages of *any* proceedings alleging delinquency, unruliness, incorrigibility, or deprivation and if, as an indigent person, a party is unable to employ counsel, he or she is entitled to have the court provide counsel for him or her.") (emphasis supplied).[4] Moreover, because a parent's right to counsel in such proceedings is threatened by the failure to follow the notice and hearing requirements in the Juvenile Code, our Supreme Court has held them mandatory, subject to waiver. *Sanchez v. Walker County Dept. of Family &c. Svcs.*, supra at 411; *In the Interest of C. S.*, 236 Ga. App. 312, 315 (2) (511 SE2d 895) (1999).

Contrary to any waiver of his right to counsel, the record shows that, three days before the October 24 deprivation hearing, the father, pro se, requested the appointment of counsel to represent him; that, although he was entitled to counsel as a party under OCGA § 15-11-6 (b), the father did not appear personally or through counsel at the hearing. *Sanchez v. Walker County Dept. of Family &c. Svcs.*, supra; *In the Interest of C. S.*, supra; and that the juvenile court, advised by new counsel for the Department that the father was then incarcerated and notified of the proceeding by certified mail, return receipt requested, neither inquired to determine whether the father had been served personally at least 24 hours before the hearing as required under OCGA § 15-11-39.1 nor inquired to determine whether the father desired to appear personally, through counsel (retained or appointed), or both as required under OCGA § 15-11-6 (b).

Because the father was denied an opportunity to be heard, constitutionally or as provided by statute, the deprivation proceedings at issue can be but a nullity. *McBurrough v. Dept. of Human Resources*, 150 Ga. App. 130, 131 (2), (3) (257 SE2d 35) (1979); see also OCGA § 9-12-16 (A judgment may be void for cause other than jurisdiction.). Accordingly, we reverse the instant case and remand for a further hearing not inconsistent with this opinion.

2. In light of our disposition in Division 1, we do not address the father's remaining claims of error.

*Judgment reversed and case remanded with direction. Ruffin, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 14, 2004.

Aaron L. Johnson, *pro se.*

---

[4] "No state or federal constitutional right to counsel is involved because [the actions set out in OCGA § 15-11-6 (a) are] civil matter[s], not . . . criminal proceeding[s]. [Cits.]" *In the Interest of A. M. R.*, 230 Ga. App. 133, 136 (2) (495 SE2d 615) (1998).

*Thurbert E. Baker, Attorney General, William C. Joy, Shalen S. Nelson, Senior Assistant Attorneys General, Laura W. Hyman, P. Brian Campbell, Assistant Attorneys General*, for appellee.