A06A0163. IN THE INTEREST OF Z. H., a child.
(692 SE2d 486)

MILLER, Judge.

The Troup County Juvenile Court adjudicated Z. H. a delinquent for an act that would have constituted sexual battery if committed by an adult. He now appeals, challenging the sufficiency of the evidence

[11] See *Arford v. Blalock*, 199 Ga. App. 434, 437 (4) (405 SE2d 698) (1991).
[12] See id.

and contending that the juvenile court erred in refusing to amend the petition from sexual battery to simple battery. Discerning no error, we affirm.

1. Z. H. contends that the evidence was insufficient to sustain the juvenile court's finding of delinquency. We disagree.

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we view the evidence in favor of the juvenile court's finding, determining only if a reasonable finder of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged. *In the Interest of M. C. A.*, 263 Ga. App. 770 (589 SE2d 331) (2003); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*In the Interest of K. B. F.*, 274 Ga. App. 186, 186-187 (617 SE2d 153) (2005). "A person commits the offense of sexual battery when he intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." OCGA § 16-6-22.1 (b). "Intimate parts" include the primary genital area. OCGA § 16-6-22.1 (a). The State charged that Z. H., age twelve, made physical contact with T. S., age four, by thrusting his groin area against her groin area without her consent.

Viewed in the light most favorable to the finding of delinquency, the evidence reveals that Z. H. was playing with the victim at the victim's grandmother's home. The victim's grandmother saw the victim straddling Z. H. and sweating as Z. H. held her and moved back and forth under her. Z. H. let the victim go after being told to "put [her] down" three times. Z. H. argues, as he did below, that the victim had voluntarily jumped into his lap. "[C]onflicts in the testimony[, however,] are a matter of credibility for the trier of fact to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the conviction will be upheld." (Footnotes omitted.) *Thompson v. State*, 245 Ga. App. 396, 398 (3) (537 SE2d 807) (2000). The evidence sufficed to support the finding of delinquency for an act which would have constituted sexual battery had it been committed by an adult. *In the Interest of K. B. F.*, supra, 274 Ga. App. at 186-187.

2. Z. H. argues that the juvenile court erred in refusing to allow an amendment of the petition to permit him to enter a plea of guilty to simple battery under a negotiated plea agreement with the State. This claim of error is without merit.

"It is well established that a trial court is not required to accept a plea of guilty. Nor is a court compelled to accept a plea agreement which has been reached by the State and the defendant." (Citations

omitted.) *Sartin v. State*, 201 Ga. App. 612, 612-613 (1) (411 SE2d 582) (1991). We further do not find that the juvenile court expressed bias in refusing to allow the amendment.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 27, 2006.

*Jon C. Rhoades, Jerry F. Pittman*, for appellant.
*Nina M. Baker, Solicitor-General*, for appellee.