A06A0910. IN THE INTEREST OF J. L. B., a child.
(634 SE2d 514)

ELLINGTON, Judge.

The Juvenile Court of Cobb County adjudicated 16-year-old J. L. B. delinquent after finding that he committed acts which, if committed by an adult, would have constituted sexual battery, OCGA § 16-6-22.1. Following a dispositional hearing, the court found that J. L. B. was in need of supervision and ordered him to be evaluated for drug and alcohol use and fulfill other requirements. J. L. B.'s parents filed a pro se appeal from this order, contending the evidence was insufficient to support the adjudication and that the court erroneously admitted hearsay evidence and ruled upon a separate delinquency petition of which they had no prior notice. Finding no error, we affirm.

1. Before reaching the merits of this appeal, this Court must address a motion to dismiss filed by the State. In its motion, the State argues that the notice of appeal in this case is invalid because it was filed by J. L. B.'s parents, who are not licensed attorneys. The State argues that, because the parents are not attorneys, they may not represent their son in any legal proceeding. See OCGA § 15-19-51 (a) (1) (it is unlawful for any person other than a duly licensed attorney at law to appear as an attorney at law for any person other than himself in any court of this state); *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 804-805 (2) (485 SE2d 22) (1997) (noting, in dicta, that "[n]atural persons with no license to practice law are not permitted to act as 'attorneys' and represent other natural persons in their legal affairs"). As a result, the State contends, the notice of appeal J. L. B.'s parents filed on his behalf is invalid and this appeal must be dismissed.

J. L. B.'s parents, however, did not file the notice of appeal on J. L. B.'s behalf and are not acting as his legal representative in this case. Instead, the notice of appeal filed by the parents shows that they are appealing on their own behalf without the benefit of an attorney (pro se). Consequently, the issue of whether a parent may represent his or her minor child on appeal from a juvenile court adjudication is not properly before us. The State's motion to dismiss on that basis, therefore, lacks merit and is denied.

2. Even so, this Court has the duty to inquire into its own jurisdiction. *In the Interest of M. T.*, 223 Ga. App. 615 (478 SE2d 428) (1996). In so doing, we are confronted with an issue that has not yet been decided by this State's courts, to wit: Do parents have the right to file an appeal from their minor child's delinquency adjudication on their own behalf as parties to the delinquency action? For the following reasons, we answer in the affirmative.

Under the Georgia Code, a child's parents are necessary parties to all legal proceedings involving their child, including delinquency actions. *D. C. A. v. State of Ga.*, 135 Ga. App. 234, 235 (1) (217 SE2d 470) (1975); see OCGA § 15-11-39 (b) (requiring the juvenile court to issue a summons to the parents of an allegedly delinquent child as necessary and proper parties to the delinquency action); *Sanchez v. Walker County Dept. of Family & Children Svcs.*, 237 Ga. 406, 410-411 (229 SE2d 66) (1976); *In the Interest of A. J.*, 269 Ga. App. 580, 581 (1) (604 SE2d 635) (2004). The parents' status as necessary parties to a delinquency action implicitly recognizes that the parents are the natural custodians of their child and that, upon an adjudication of delinquency and the court's issuance of a dispositional order, the consequences of complying with the order will fall on both the parents and their child. The consequences to the parents may include temporarily losing custody of their child,[1] being required to participate in counseling with their child,[2] being required to pay counseling or supervision fees,[3] and being required to reimburse the county for the cost of a court-appointed attorney and a guardian ad litem, as well as the cost of evaluating, detaining, and treating their child.[4] Moreover, if the parents fail to appear in court for a delinquency proceeding or violate any court order arising from the proceeding, the court may punish the parents for contempt by requiring them to pay fines or restitution, reimburse the state for the cost of detention or treatment of the child, or even perform community service.[5]

Because the parents are necessary parties to a delinquency action involving their child, the juvenile court must issue a summons and a copy of the delinquency petition to the parents at least 24 hours before the adjudicatory hearing, and the parents must appear at the hearing to answer the allegations in the petition.[6] Moreover, the parents have the right to be present and to be heard during the proceedings,[7] to be represented by counsel at all stages of the pro-

---

[1] OCGA §§ 15-11-66 (a) (3), (4) (permitting the court to place a delinquent child in the custody of the state); 15-11-70 (a) (an order placing custody of a delinquent child with the state continues in force for no longer than two years, except under certain conditions).

[2] OCGA § 15-11-68.

[3] OCGA § 15-11-71 (b).

[4] OCGA § 15-11-8 (b).

[5] OCGA § 15-11-5 (b) (1)-(4).

[6] OCGA §§ 15-11-39 (b); 15-11-39.1 (a); *In the Interest of A. J.*, 269 Ga. App. at 581 (1) (parents are entitled to notice of juvenile court proceedings involving their child).

[7] OCGA § 15-11-7 (a); *In the Interest of A. J.*, 269 Ga. App. at 581 (1) (parents have the right to be heard in juvenile court proceedings involving their child); *D. C. A. v. State of Ga.*, 135 Ga. App. at 235 (1) (as parties to a delinquency action, parents are not subject to the rule of sequestration).

ceedings,[8] to present evidence and cross-examine adverse witnesses,[9] to waive recordation of the proceedings,[10] and to petition the court to modify, vacate, or set aside an order.[11] If the parents are indigent, the court must appoint counsel to represent the parents and their child.[12]

It follows that, as parties to the delinquency action, parents have the right to appeal the juvenile court's judgment and to participate in the appellate process. OCGA § 5-6-37 ("All parties to the proceedings in the lower court shall be parties on appeal."); *Marsden v. Southeastern Sash & Door Co.*, 193 Ga. App. 597, 598 (1) (388 SE2d 730) (1989) (accord). Based upon the foregoing authority, we find that J. L. B.'s parents are entitled to appeal on their own behalf from the juvenile court's dispositional order following their child's adjudication of delinquency.

Further, under the Constitution of the State of Georgia, J. L. B.'s parents have the right to represent themselves on appeal if they choose to do so. Ga. Const. of 1983, Art. I, Sec. I, Par. XII ("No person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state."). Accordingly, we find the instant appeal by J. L. B.'s parents is properly before this Court.

3. We note that there is another, independent reason why this Court should not dismiss the appeal in this case. Dismissal of an appeal is a severe sanction, and the legislature has directed the state's appellate courts to liberally construe the Appellate Practice Act in order to bring about a decision on the merits of every case appealed and to avoid the dismissal of any case. OCGA § 5-6-30; see also OCGA § 5-6-48 (b) (appeals should not be dismissed unless the appellant failed to file a timely notice of appeal, the judgment is not appealable, or the questions presented have become moot).[13]

In this case, after the juvenile court adjudicated J. L. B. delinquent and entered a dispositional order, it never notified J. L. B. or his parents on the record of their right to appeal the order or of their right

---

[8] OCGA § 15-11-6 (b).

[9] OCGA §§ 15-11-7 (a); 15-11-65 (b).

[10] OCGA § 15-11-41 (b).

[11] OCGA § 15-11-40 (c).

[12] OCGA §§ 15-11-6 (b); 15-11-39 (d). Parents may waive the right to counsel, however, as long as such waiver is knowing and voluntary. *In the Interest of W. M. F.*, 180 Ga. App. 397, 399 (3) (349 SE2d 265) (1986) (waiver of counsel was invalid when the parent and her child did not know the consequences of proceeding without the benefit of legal representation).

[13] The dispositional order in this case is a final, appealable judgment, and the issues presented on appeal are not moot. Further, even if there is an error in the notice of appeal, the notice may be amended "at any time prior to judgment to perfect the appeal so that the appellate court can and will pass upon the appeal and not dismiss it." OCGA § 5-6-48 (d).

to be represented by counsel on appeal.[14] If this Court concluded that the parents' appeal was improper and dismissed the appeal on that basis, any right to an appeal from the dispositional order would be lost. Because the issue of whether parents may appeal from their child's delinquency adjudication is one of first impression for Georgia's courts, it would be manifestly unfair to dismiss this appeal under the circumstances presented. Accordingly, even if we decided that a child's parents should not be allowed to file an appeal from a delinquency dispositional order on their own behalf, such a ruling should have a prospective effect only and should not result in the dismissal of this appeal. See *Eckles v. Atlanta Technology Group*, 267 Ga. at 806 (2) (holding that its new rule prohibiting nonlawyers from representing corporations should have a prospective effect only).

4. Having determined that this Court has jurisdiction over this appeal, we will address the parents' arguments. J. L. B.'s parents contend that the court erroneously considered hearsay evidence during the adjudicatory hearing. The parents failed to cite to any inadmissible hearsay testimony in the record, however. Further, the record shows that defense counsel did not raise a hearsay objection at trial. Therefore, any error has been waived. *Moody v. State*, 279 Ga. App. 440, 444 (4) (631 SE2d 485) (2006).

5. J. L. B.'s parents contend the evidence was insufficient to support the adjudication of delinquency based upon a finding that J. L. B. committed sexual battery. They attack the credibility of the witnesses, arguing that the witnesses' testimony was inconsistent and untruthful.

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we view the evidence in favor of the juvenile court's finding, determining only if a reasonable finder of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged. "A person commits the offense of sexual battery when he intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." OCGA § 16-6-22.1 (b). "Intimate parts" include the primary genital area. OCGA § 16-6-22.1 (a).

(Citations omitted.) *In the Interest of Z. H.*, 278 Ga. App. 490, 491 (1) (629 SE2d 486) (2006).

---

[14] J. L. B. was represented by appointed counsel during the adjudicatory and dispositional hearings.

So viewed, the evidence showed that, on July 8, 2004, the victim was walking near her home when she saw two young men riding bicycles. Suddenly, one of the youths ran up behind her, grabbed her breasts, crotch, and buttocks, and tried to push her down. The victim turned around and looked at the young man, whom she later identified as J. L. B. The victim then screamed and ran home. She immediately told her boyfriend what happened, and they drove around the neighborhood looking for her attacker. Within two or three minutes of the attack, the victim saw her attacker riding his bicycle. The victim yelled at the boy, then she and her boyfriend followed the young man home. The victim then contacted the police, who took the victim to the young man's home, where she identified him as her attacker.

Although the parents contend the testimony of the victim and her boyfriend was inconsistent, "[c]onflicts in the testimony . . . are a matter of credibility for the trier of fact to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the conviction will be upheld." (Citation and punctuation omitted.) *In the Interest of Z. H.*, 278 Ga. App. at 491 (1). We find the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that J. L. B. committed a delinquent act as charged in the petition. Id.

6. The parents also contend that, during the adjudication hearing on the sexual battery charge, the juvenile court erroneously adjudicated J. L. B. delinquent pursuant to a separate delinquency petition that alleged J. L. B. committed battery in an unrelated incident. They claim that they did not receive the required notice of the charge before the adjudication hearing. See OCGA §§ 15-11-39 (b) (requiring the juvenile court to serve an allegedly delinquent child's parents with a summons for a delinquency hearing); 15-11-39.1 (a) (requiring that a summons for a delinquency hearing be served personally at least 24 hours before the adjudication hearing).

The record shows that, in addition to the petition alleging sexual battery in the instant case, the State filed a separate delinquency petition charging J. L. B. with battery, alleging that he hit an acquaintance with his fist during an unrelated incident.[15] During the dispositional hearing, the court asked whether the State and J. L. B.'s counsel were prepared to address the additional delinquency petitions. Neither defense counsel nor J. L. B.'s parents objected to the

---

[15] The record also shows that the State filed a third delinquency petition against J. L. B. arising from an incident involving other victims. The petition charged him with two counts of sexual battery and one count of false imprisonment.

lack of notice of the battery charge or requested a continuance. J. L. B. subsequently entered an *Alford*[16] plea to the battery charge.[17]

Accordingly, because there was no objection during the hearing to the lack of notice, any error was waived. *In the Interest of E. S.*, 262 Ga. App. 768, 769 (1) (a) (586 SE2d 691) (2003).

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JULY 14, 2006.

Jim Brown, *pro se.*
Angela Brown, *pro se.*
Patrick H. Head, *District Attorney,* Stephen A. Delaney, *Assistant District Attorney,* for appellee.

---

[16] *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

[17] J. L. B. also entered an *Alford* plea to two counts of sexual battery as alleged in the third petition. J. L. B.'s parents do not challenge the adjudication of delinquency resulting from this plea.