673 S.E.2d 586 (2009)
In the Interest of A.R. et al., children.
No. A08A2411.
Court of Appeals of Georgia.
February 12, 2009.
Tran H. Lankford, for appellant.
Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Elizabeth M. Williamson, Assistant Attorney General, Daniel C. Thomas, for appellee.
BERNES, Judge.
Appellant is the father of three minor children who have been in foster care since *587 January 2006. In December 2007, the Newton County Department of Family and Children Services ("DFCS") filed a deprivation petition alleging that appellant's children continued to be deprived because their mother had surrendered her parental rights and appellant was incarcerated. Following an adjudicatory hearing, the juvenile court entered an order finding that the children were deprived.
1. The state concedes that the trial court's deprivation order must be vacated because service of the deprivation petition on appellant was not perfected in accordance with OCGA § 15-11-39.1(a). That statute provides that "[i]f a party to be served with a summons is within this state and can be found, the summons shall be served upon him ... personally at least 24 hours before the hearing." OCGA § 15-11-39.1(a). See In the Interest of A.J.M., 277 Ga.App. 646, 647(1), 627 S.E.2d 399 (2006) (the personal service provisions of OCGA § 15-11-39.1 apply to deprivation hearings); In the Interest of W.M.F., 180 Ga.App. 397, 398-399(2), 349 S.E.2d 265 (1986) (personal service is not waived simply by actual notice having been achieved). The parties here agree that appellant was incarcerated, that his location was known to the state, that he did not waive personal service, and that service was not perfected as required. Accordingly, we vacate the trial court's order and remand this case to the juvenile court for additional proceedings. See In the Interest of A.J., 269 Ga.App. 580, 581-582(1), 604 S.E.2d 635 (2004).
2. Our holding in Division 1 renders many of appellant's remaining enumerations of error moot; however, we address the following issues that are likely to recur on rehearing.
(a) Appellant argues that the trial court erred by admitting into evidence over his objection two separate DFCS exhibits, S-3 and S-4. S-3 consisted of copies of documents from appellant's criminal case, including the negotiated plea, the withdrawal of plea of not guilty and tender of plea of guilty, the indictment, and the criminal warrant. Appellant argues that the documents violated the best evidence rule because only the negotiated plea, and not the remaining documents, was stamped certified. In turn, S-4 consisted of a faxed copy of a document which purportedly originated from the United States Department of Homeland Security and which indicated that, in the event that appellant was released from jail, he should be detained for no more than 48 hours because an investigation had been initiated to determine whether he was subject to deportation from the United States. Appellant argues S-4 contained inadmissible hearsay and was admitted without the state having laid the proper foundation. "We will not contradict a trial court's decision to admit or exclude evidence in the absence of an abuse of discretion." (Citation omitted.) McClendon v. State, 276 Ga.App. 543, 623 S.E.2d 738 (2005).
(i) Admissibility of S-3. When faced with appellant's objection to the admission of S-3 on the ground that each of the documents was not independently certified, the state asserted that the documents had been obtained collectively from the court clerk, who certified them as a group at that time. The trial court held as a matter of fact that the documents were attached to the negotiated plea and had been certified. The trial court's finding was authorized. After so holding, the trial court did not err in admitting them. See OCGA § 24-5-31 (properly authenticated copies of judicial records are admissible); Kent v. State, 294 Ga.App. 134, 137(1), 668 S.E.2d 442 (2008) (trial court did not err in admitting copy of prior conviction after ruling that it had been properly certified).
(ii) Admissibility of S-4. We nonetheless agree with the appellant that Exhibit S-4 should have been excluded. The state presented no testimonial or documentary evidence apart from the letter itself to substantiate its origin or its contents. The trial court overruled appellant's objections on hearsay and foundational grounds by stating that the document was being admitted "for dispositional purposes only."[1]
*588 We recognize that OCGA § 15-11-56 provides that, in a dispositional proceeding or any custody matter, "all information helpful in determining the questions presented, including oral and written reports, may be received by the court and relied upon to the extent of its probative value even though not otherwise competent in the hearing on the petition." (Emphasis supplied.) In the absence of any relevant witness testimony or documentary evidence properly certifying the record, however, Exhibit S-4 consisted entirely of hearsay. "[I]t is well settled that hearsay lacks probative value" and, even in a dispositional hearing, must be disregarded. In the Interest of E.C., 271 Ga.App. 133, 135(1), 609 S.E.2d 381 (2004). See In the Interest of H.S., 285 Ga.App. 839, 842, 648 S.E.2d 143 (2007). Accordingly, Exhibit S-4, which provided the sole source of proof that the United States Department of Homeland Security had placed an immigration detainer on appellant, should not have been admitted. See In the Interest of K.W., 279 Ga.App. 319, 320, n. 2, 631 S.E.2d 110 (2006); In the Interest of E.C., 271 Ga.App. at 135(1), 609 S.E.2d 381; In the Interest of H.S., 285 Ga.App. at 842, 648 S.E.2d 143.
(b) Appellant contends that the trial court erred by failing to provide him with counsel during the pretrial stages of the proceedings. Appellant is entitled to representation at all stages of the proceedings alleging deprivation. OCGA § 15-11-6(b); Sanchez v. Walker County Dept. of Family etc. Svcs., 237 Ga. 406, 410-411, 229 S.E.2d 66 (1976); In the Interest of A.J., 269 Ga.App. at 581-582(1), 604 S.E.2d 635.
Judgment vacated and case remanded.
ANDREWS, P.J., and DOYLE, J., concur.
NOTES
[1] In its order, the trial court included in its findings of fact that appellant "has an outstanding Immigration Detainer by the U.S. Department of Homeland Security, Immigration and Customs Enforcement Agency following his release from prison." We note that Exhibit S-4 also contains a disclaimer that it is "for notification purposes only."