A11A1280. IN THE INTEREST OF N. H., a child.

(721 SE2d 103)

BARNES, Presiding Judge.

The minor mother of two-year-old N. H. appeals an order of the juvenile court in which the court after a review hearing continued custody of the child with the Fulton County Department of Family and Children Services ("DFACS"). She contends that the juvenile court erred when it held the hearing without the mother being present, and in admitting into evidence documents that were not authenticated. Upon our review, we discern no error and affirm the juvenile court.

The evidence shows that the 14-year-old mother was in DFACS care on June 20, 2008, when she gave birth to N. H. The newborn was subsequently placed in DFACS custody on July 10, 2008, and later found to be deprived. An order extending custody of N. H. with DFACS was entered on August 18, 2009. On June 11, 2010, DFACS filed another deprivation petition because the 2009 order was going to expire on July 6, 2010, and the "conditions of deprivation as found by [the] court [had] not been alleviated." A hearing was held on June 28, 2010, at which the mother was present via telephone and represented in court by her attorney. N. H. was again determined to be deprived, and custody was continued with DFACS.

The review hearing at issue in this appeal was held on September 15, 2010, and the mother was not present for the hearing. The mother's attorney requested that the hearing be continued until the mother was present. The trial court tendered as evidence a letter from Laurel Heights Hospital where the mother was a patient explaining that it was "clinically contraindicated for the mother to be transported to attend a hearing at this time." The mother's attorney objected to the admission of the letter on the basis that it could not be properly authenticated because the person who prepared it was not present at the hearing. The trial court noted that at an earlier hearing "we tried to involve [the] mother by telephone and mother had a hard time communicating," and proceeded without the mother. The DFACS caseworker and the mother's paternal grandmother, with whom N. H. was placed, testified at the hearing.

1. On appeal, the mother first contends that the trial court erred when it did not continue the review hearing until the mother could be present.

"A trial court's decision to grant or to deny a continuance will not be disturbed absent abuse of discretion." *In the Interest of T. R.,* 270 Ga. App. 401, 401-402 (1) (606 SE2d 630) (2004).

The fundamental idea of due process is notice and an opportunity to be heard. The Code recognizes that the

parent is a party to proceedings involving his child. As parties to a deprivation hearing, parents are entitled to notice and an adequate opportunity to be heard.

(Citations and punctuation omitted.) *In the Interest of A. J.*, 269 Ga. App. 580, 581 (1) (604 SE2d 635) (2004). However, unless the mother can establish that she was harmed by the alleged due process violation, reversal is not required. *In the Interest of M. S.*, 279 Ga. App. 254, 261 (1) (630 SE2d 856) (2006), overruled on other grounds, *In the Interest of J. M. B.*, 296 Ga. App. 786, 791 (676 SE2d 9) (2009) (denial of counsel during the termination of parental rights hearing not subject to harmless error analysis).

Here, pretermitting whether it was error for the juvenile court to fail to continue the hearing until such time that the mother could be present, the mother has not shown how she was harmed by not being present for the review hearing. She does not allege that continued custody of N. H. with DFACS was inappropriate, see OCGA § 15-11-58 (n) (3); *In the Interest of J. P.*, 280 Ga. App. 100, 105 (2) (633 SE2d 442) (2006), that her attorney did not adequately represent her interest at the hearing, or that the evidence at the hearing did not clearly and convincingly show that the child would continue to be deprived if returned to her as of the date of the hearing. See *In the Interest of C. H.*, 305 Ga. App. 549, 559 (2) (a) (700 SE2d 203) (2010). In fact, the mother does not argue that the juvenile court erred in its disposition of the case.

Thus, as the mother did not establish that she was harmed by not being present for the hearing, reversal is not required.

2. Although the mother argues that the juvenile court erred in admitting into evidence certain documents, including the letter from Laurel Heights and various other medical and psychological reports of the minor mother and N. H., it is well settled that in all juvenile court proceedings involving custody of a child, "all information helpful in determining the questions presented, including oral and written reports, may be received by the court and relied upon to the extent of its probative value even though not otherwise competent in the hearing on the petition." OCGA § 15-11-56 (a). Moreover, there is no reversible error where the evidence introduced (not including the hearsay) is sufficient to support the findings of the trial judge. *In the Interest of A. A.*, 252 Ga. App. 167, 168 (1) (555 SE2d 827) (2001).

Here, the DFACS caseworker testified extensively about the mother's present inability to care for N. H., including her mental health problems for which she was receiving treatment at Laurel Heights. Likewise, the great-grandmother also testified about the mother's condition and inability to care for the child.

Moreover, here, as in the first division, the mother has failed to

show how she was harmed by the entry of the documents into evidence. See *In the Interest of D. W.*, 294 Ga. App. 89, 94 (3) (a) (668 SE2d 533) (2008) ("An appellant must show harm as well as error to prevail on appeal; error to be reversible must be harmful.") (punctuation and footnote omitted).

*Judgment affirmed. Adams, J., concurs. Blackwell, J., concurs in Division 2 and in the judgment.*

DECIDED OCTOBER 20, 2011 —
RECONSIDERATION DENIED DECEMBER 14, 2011.

*Nathan A. Hayes*, for appellant.
*Samuel S. Olens, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Lytia G. Brown*, for appellee.