**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**September 25, 2012**

# In the Court of Appeals of Georgia

A12A1324. IN THE INTEREST OF T. S., a child.

BARNES, Presiding Judge.

The mother of T.S. appeals a juvenile court order finding T.S. deprived, arguing, among other things, that her due process right to confrontation was violated because she was excluded from the courtroom while T.S. testified and could not assist her counsel in developing questions to ask T.S. on cross-examination. Because the juvenile court erred in dismissing the mother from the courtroom without an evidentiary finding of necessity and without providing her with the means to listen to the testimony and assist her lawyer, we must reverse and remand for a new hearing.

1. The mother argues that her due process right to confrontation was violated because she was not allowed to remain in the courtroom while T. S. testified.

A parent is a party to deprivation or termination of parental rights proceedings involving her child, and has a right to due process during those proceedings. *In the Interest of A. J.*, 269 Ga. App. 580, 581 (1) (604 SE2d 635) (2004). Due process affords the parent a right to confront witnesses, *In the Interest of C.W.D.*, 232 Ga. App. 200 (501 SE2d 232) (1998), a right which "really means the right to ask questions and secure answers from the witness confronted." *Lingerfelt v. State*, 235 Ga. 139, 140 (218 SE2d 752) (1975) (defining Sixth Amendment right to confrontation). Further, the "main and essential purpose of confrontation is to secure the opportunity of cross-examination." *Denson v. State*, 150 Ga. 618, 622 (4) (104 SE 780) (1924). A parent alleging that her due process right to confrontation was violated must show harm as well as error. *In the Interest of M.H.W.*, 275 Ga. App. 586, 590 (1) (621 SE2d 779) (2005).

In this case, after the State rested, T.S.'s attorney called her to testify, provided that she be permitted to testify in camera. The mother objected to having T.S. testify in camera, arguing that she had a right to confront T.S. and needed to be present to help her attorney prepare questions for cross-examination. Without making any findings about the necessity of exclusion, the juvenile court overruled the objection and asked the mother and a case manager to step out of the courtroom. The mother's

2

attorney perfected her objection, which the juvenile court again overruled, noting that the mother had the right to call T.S. for cross-examination.

T.S. then read a prepared statement and answered questions from her attorney, the court and DFCS's attorney. T.S.'s attorney rested. The mother returned to the courtroom and moved to dismiss the petition on the ground that insufficient evidence supported the allegation of deprivation. The juvenile court denied the motion, and the mother called T.S. for cross-examination, then called additional witnesses.

Effective confrontation does not necessarily require a face-to-face confrontation. *In the Interest of B.H.*, 295 Ga. App. 297, 301 (5) (671 SE2d 303) (2008). If the trial court finds that testifying in the physical presence of a parent would cause a child trauma and excludes the parent from the proceedings, the parent's due process rights are protected if she can listen to the child's testimony and contemporaneously consult with her attorney to assist in propounding questions for cross-examination. Id. (no due process violation when excluded parent watched child's testimony via closed-circuit television and was provided with a runner to take notes to the parent's lawyer). See also *In the Interest of M.H.W.*, 275 Ga. App. 586, 590 (1) (621 SE2d 779) (2005) (no harm in requiring father to continue cross-examination of mother by telephone); *In the Interest of C.W.D.*, 232 Ga. App. 200,

3

209-210 (5) (501 SE2d 232) (1998) (children testified and were cross-examined via closed-circuit television after juvenile court determined that making them testify in mother's presence would be detrimental to their health).

On the other hand, we have reversed and remanded cases in which a parent was excluded from the courtroom during her child's testimony, absent a showing that exclusion was necessary and that the parent was given a means to consult with her lawyer while listening to the child's testimony. See *In the Interest of M.S.*, 178 Ga. App. 380, 381 (343 SE2d 152) (1986) (termination order reversed because parent was excluded even from observing child's testimony through a one-way mirror); *In the Interest of B.G.*, 225 Ga. App. 492, 494 (1) (484 SE2d 293) (1997) (due process violation was not harmless when parent excluded from courtroom and given no means to listen to child's testimony and contemporaneously consult with lawyer).

If a parent cannot hear her child's testimony in a deprivation or termination of parental rights proceeding, she cannot assist her lawyer in developing the child's cross-examination and her due process right to confrontation is limited. In this case, "the trial court erred in excluding the mother from the courtroom without a showing of necessity and without using procedures which would accommodate her ability to hear the testimony and consult with her attorney." *In the Interest of B.G.*, 225 Ga.

4

App. at 494 (1). The error was harmful because the mother was unable to assist her attorney in developing questions for the cross-examination of the child. Id.

2. Our holding in Division 1 renders moot the mother's remaining enumerations of error.

*Judgment reversed and case remanded for new hearing. Adams and McFadden, JJ., concur.*