# FOURTH DIVISION
## DOYLE, P. J.,
## ANDREWS and BOGGS, JJ.

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**October 25, 2012**

# In the Court of Appeals of Georgia

A12A1582. SKINNER v. THE STATE.                    DO-061 C

A12A1583. DOWDELL v. THE STATE.                    DO-062 C

DOYLE, Presiding Judge.

In Case No. A12A1582, Manasseh Skinner appeals from his conviction for committing aggravated assault[1] and violating the Georgia Street Gang Terrorism and Prevention Act[2] ("Gang Act"). He contends that the trial court erred by (1) overruling his hearsay objection to certain testimony identifying gang signs and activity, and (2) improperly instructing the jury on the Gang Act violation. In Case No. A12A1583, Austin Dowdell appeals from his conviction for the same crimes as well as carrying

---

[1] OCGA § 16-5-21 (a) (2).

[2] OCGA § 16-15-1 et seq.

a concealed weapon[3] and carrying a pistol without a license.[4] In addition to the errors enumerated by Skinner, Dowdell also argues that (3) the evidence was insufficient to support his conviction for carrying a pistol without a license, and (4) the trial court erred by overruling his objection to the State's comment as to whether a deal had been made with a witness facing pending charges. The two cases arise from the same indictment and trial, so we have consolidated the cases for review. For the reasons that follow, we affirm in each case.

Construed in favor of the verdict,[5] the evidence shows that one evening in July 2009, Skinner, Dowdell, and several friends were at a nightclub. Both Skinner and Dowdell were among several members of the Black Gangster Disciples street gang[6] present at the club, and in keeping with gang practice to assert dominance over their territory, various gang members including Dowdell and Skinner were on the dance

---

[3] OCGA § 16-11-126 (a) (2009).

[4] OCGA § 16-11-128 (a) (2009).

[5] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[6] There was conflicting evidence as to whether Skinner was a member of the Black Gangster Disciples or a different gang, but the evidence was consistent that he was in a gang, and any conflict was for resolution by the jury. See *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

2

floor flashing gang hand signs and dancing roughly, purposefully bumping into other club patrons. As other patrons began to protest, a physical altercation ensued, and Carvella Moore, a friend not affiliated with a gang, was hit in the head with a bottle by Dowdell. Moore swung back, and the altercation escalated; Moore was hit with another bottle, hit with fists, kicked by Skinner, and was eventually left bleeding on the ground outside the club. During the melee, Dowdell displayed a pistol he had concealed in his clothing, which gun he eventually tossed into a nearby vehicle in the parking lot.

Moore was taken to a hospital, and Dowdell and Skinner were later arrested and charged with aggravated assault, violation of the Gang Act; Dowdell was also accused of carrying a concealed weapon and carrying a pistol without a license. Following a jury trial in which they were co-defendants,[7] Dowdell and Skinner were convicted of all counts, and their motions for new trial were denied, giving rise to these appeals.

*Case No. A12A1582*

1. Skinner contends that the trial court erred by allowing hearsay testimony when the State called an officer to lay the foundation for demonstrative exhibits

---

[7] The other co-defendant, Hadji Terrell Dowdell, is not a party to this appeal.

displaying hand signs, clothing, and other traits identified by the officer to be associated with street gangs. Skinner objected on the ground that the officer's knowledge of these traits was based on hearsay. The trial court overruled the objection, and Skinner asserts this as error.

The officer's testimony was made based on his personal dealings and interviews with gang members and leadership, as well as his training and field experience with gangs as a member of the Gang Task Force. Pretermitting whether the testimony was hearsay because it amounted to the officer repeating what he had been told by others, the record demonstrates that the content of the testimony – identifying gang hand signs, dress, and behavior – was cumulative of testimony by other witnesses (including a gang member) who testified from personal knowledge of the gang and who also identified the hand signs, dress, greetings, and behavior as street gang activity.

> The erroneous admission of hearsay is harmless where, as here, legally admissible evidence of the same fact is introduced. In such a case, the hearsay is cumulative and without material effect on the verdict. Because it is highly probable that the cumulative and immaterial

4

hearsay did not contribute to the guilty verdict. . . , a reversal of [the] convictions is not necessary.[8]

2. Skinner also contends that the trial court committed plain error by incorrectly charging the jury on the Gang Act offense. We disagree.

The only requirement regarding jury charges is that the charges, as given, were correct statements of the law and, as a whole, would not mislead a jury of ordinary intelligence. It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error.[9]

Here, the trial court gave the following instruction on the offense:

Count 2 of the indictment charges Violation of Street Gang Terrorism Prevention Act. Each defendant in this case is charged with a violation of Count 2.

Criminal street gang means any organization, association[,] or group of three or more persons associated in fact, whether formal or informal, which engages in criminal gang activity that involves violence, possession of a weapon or use of a weapon. The existence of such an organization, association[,] or a group of individuals associated in fact

---

[8] (Citation omitted.) *Felder v. State*, 270 Ga. 641, 646 (8) (514 SE2d 416) (1999).

[9] (Citation and punctuation omitted.) *Williamson v. State*, 308 Ga. App. 473, 478 (2) (708 SE2d 57) (2011).

may be established by evidence of a common name or common identifying signs, symbols, tattoo, graffiti, or attire, or other distinguishing characteristics. Criminal street gang shall not include three or more persons associated in fact, whether formal or informal, who are not engaged in criminal gang activity.

It shall be unlawful for any person employed by or associated with a criminal street gang to conduct or participate in criminal street gang activity *through the commission of any offense involving violence*.

The Gang Act provides that "[i]t shall be unlawful for any person employed by or associated with a criminal street gang to conduct or participate in criminal gang activity through the commission of any offense enumerated in paragraph (1) of Code Section 16-15-3."[10] The enumerated offenses in OCGA § 16-15-3 (1) include "[a]ny criminal offense in the State of Georgia . . . that involves violence . . . whether designated as a felony or not."[11]

Skinner correctly points out the Georgia Supreme Court has held that these Code sections define an offense in such a way that a necessary and required element "is that there must be some nexus between the act and an intent to further street gang

---

[10] (Emphasis supplied.) OCGA § 16-15-4 (a).

[11] OCGA § 16-15-3 (1) (j).

6

activity."[12] Based on this, Skinner argues that the trial court committed plain error by not including some language to that effect in the jury charge. But this ignores the further explanation by the Supreme Court that this "nexus is provided by use of the preposition 'through' in OCGA § 16-15-4 (a)."[13] The trial court correctly stated the law by using this statutory language in its charge to the jury, so the charge did not omit a nexus between the violence, and it was not possible for the jury to convict Skinner without finding this nexus. Accordingly, this enumeration is without merit.

In the absence of reversible error enumerated by Skinner, we affirm the judgment in Case No. A12A1582.

*Case No. A12A1583*

Turning to Dowdell's appeal, we note that two of his enumerations of error are identical to Skinners and fail for the same reasons.

3. In addition to those enumerations, Dowdell contends that the evidence was insufficient to sustain his conviction carrying a pistol without a license. This Court determines whether the evidence is sufficient under the standard of *Jackson v.*

---

[12] (Punctuation omitted.) *Rodriguez v. State*, 284 Ga. 803, 807 (1) (671 SE2d 497) (2009).

[13] Id.

*Virginia*,[14] so "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[15] Therefore, "[a]s long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict."[16]

The applicable Code section defined the offense as follows: "A person commits the offense of carrying a pistol without a license when he has or carries on or about his person, outside of his home, motor vehicle, or place of business, any pistol or revolver *without having on his person a valid license* issued by the judge of the probate court of the county in which he resides . . . ."[17] Dowdell argues that the evidence failed to show that he was not licensed because the State did not establish

---

[14] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[15] (Emphasis in original; citation omitted.) Id. at 319 (III) (B).

[16] (Citations omitted.) *Rankin*, 278 Ga. at 705.

[17] (Emphasis supplied.) OCGA § 16-11-128 (a) (2009). This Code section was repealed in 2010. Ga. L. 2010, p. 963, § 3-1, not codified by the General Assembly, provides, in part, that the repeal of this Code section applies to offenses committed on and after June 4, 2010, and shall not affect any prosecutions for acts occurring before June 4, 2010, and shall not act as an abatement of any such prosecution. The offenses in this case occurred in July 2009.

8

the county in which he resides nor did it establish that he did not have a license from the probate court of that county.

Nevertheless, the statute required him to have "on his person a valid license,"[18] and an officer testified that Dowdell did not have a license when he was arrested. This testimony authorized the jury to find that Dowdell did not possess a license on his person as required, so regardless of Dowdell's county of residence, this evidence supports a finding of a violation of the Code section.[19]

4. Dowdell also contends that the State's counsel impermissibly "stated in his place" evidence not otherwise in the record, and this violated his right to confront a witness (the State's counsel). Specifically, Dowdell refers to an exchange with a witness for the State during which it was revealed that the witness had criminal charges pending against her. The witness responded negatively when Skinner's counsel asked if she was testifying as part of a deal with the State or to obtain leniency. Another co-defendant's counsel also asked whether the witness was testifying for the State because of her pending charge, and the witness again replied

---

[18] OCGA § 16-11-128 (a) (2009).

[19] See OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact.").

"no." The witness then volunteered that she had "caught another charge" in the case underlying this appeal, and unresponsively asked "So, y'all going to help me with that case?" The examination ended, and the witness stepped down, and the State's counsel said, "Your Honor . . . I will state in my place that the District Attorney's office has no plea agreement or deal with [the witness] in any form or fashion pending at this time." Dowdell's counsel objected on the ground that he was unable to cross-examine his opposing counsel's statement as to the existence of a deal, and the trial court overruled the objection.

An attorney's statements in place can be considered evidence,[20] but as explained by the trial court when it ruled, defense counsel had already cross-examined the witness as to the existence of any incentive from the State in exchange for her testimony. The witness denied any deal, and the State's comment was merely consistent with that denial. Further, the witness herself compromised her own credibilty by voluntarily requesting "help" with her pending charges, and any cross-examination of the State's counsel was highly unlikely to have had additional evidentiary value. "Harm as well as error must be established by an appellant in order

_____

[20] See *Rank v. Rank*, 287 Ga. 147, 149 (2) (695 SE2d 13) (2010); *Wright v. State*, 284 Ga. App. 169, 171 (1) (643 SE2d 538) (2007) (physical precedent only).

to secure a reversal of his conviction,"[21] and based on the record before us, we discern no error requiring a reversal on the ground urged.

Based on the foregoing, we affirm the judgment in Case No. A12A1583.

*Judgments affirmed. Andrews and Boggs, JJ., concur.*

---

[21] *Rutledge v. State*, 245 Ga. 768, 771 (3) (267 Ga. App. 199) (1980). See also *In the Interest of T. S.*, __ Ga. App. __ (1) (Case No. A12A1324; decided Sept. 25, 2012) (harm as well as error must be shown when asserting inability to confront a witness).