**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**January 23, 2014**

# In the Court of Appeals of Georgia

A13A2144. DOWDELL v. THE STATE.

PHIPPS, Chief Judge.

In connection with a bar room brawl that left Carvetta Moore with injuries, Hadji Dowdell was convicted (along with others) of: (i) aggravated assault, by striking Moore with glass bottles, fists, and feet; and (ii) violation of the Georgia Street Gang Terrorism and Prevention Act, by, as a person associated with a criminal street gang, participating in criminal gang activity through the commission of the aggravated assault.[1] In this appeal, Dowdell challenges the sufficiency of the evidence; he also challenges the admission of certain evidence as hearsay. Because Dowdell has shown no reversible error, we affirm.

---

[1] OCGA §§ 16-2-20; 16-5-21 (a) (2); 16-15-1 et seq.

1. When an appellant challenges the sufficiency of the evidence to support the conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2]

The evidence, as presented through testimony of the state's witnesses, showed the following. One evening in July 2009, Dowdell, his brother, and their associate Manasseh Skinner were at a nightclub. The three were among several members of the Black Gangster Disciples street gang[3] who were present at the club. In keeping with gang practice to assert dominance over their territory, various gang members including Dowdell's brother and Skinner were on the dance floor flashing gang hand signs and dancing roughly, purposefully bumping into other club patrons. As other patrons began to protest, a physical altercation ensued.

Dowdell's brother struck Moore, who was not a gang member, in the back of her head with a beer bottle. And as one witness recounted, "[J]ust out of reflex,

---

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (III ) (B) (99 SCt 2781, 61 LEd2d 560) (1979) (emphasis in original).

[3] There was conflicting evidence as to whether Skinner was a member of the Black Gangster Disciples or a different gang, but the evidence was consistent that Skinner was in a gang, and any conflict was for resolution by the jury. See generally *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

[Moore] turned around and swung and knocked [Dowdell's brother] into the chair." Moore similarly testified, "After [Dowdell's brother] hit me, that's when I struck him. I punched him. . . . I hit him with my fist." During the escalating altercation, Skinner was among several others who struck Moore and punched her in the head. When Moore walked toward the exit door, Dowdell hit her across the face with a bottle. Moore was also kicked by Skinner. Bleeding profusely from the back of her head and from her face, Moore was taken by ambulance to a hospital. Dowdell, his brother, and Skinner were later arrested.[4]

Dowdell argues that the evidence did not authorize the jury to find that he had committed aggravated assault upon Moore. He cites evidence that he struck Moore only *after* she knocked down his brother with her fist. Further, Dowdell cites evidence that, before the night in question, Moore had participated in bar and street fights and was already on probation for a 2007 aggravated assault.

> But any evidentiary weaknesses, conflicts, or inconsistencies were for the jury to resolve. We do not speculate which evidence the jury chose to believe or disbelieve. Where as here, there was sufficient

---

[4] Dowdell, his brother, and Skinner were tried together and convicted of their respective charges. This court has affirmed Dowdell's co-defendants' convictions. *Skinner v. State*, 318 Ga. App. 217 (733 SE2d 506) (2012).

3

evidence, even though contradicted, to support each fact necessary to make out the state's case, we must uphold the jury's verdict.[5]

Dowdell's evidentiary challenge consequently demonstrates no basis for reversing his convictions.[6]

2. Dowdell contends that the trial court erred by allowing hearsay testimony when the state called an officer to lay the foundation for demonstrative exhibits displaying hand signs, clothing, and other traits identified by the officer to be associated with street gangs. Dowdell objected on the ground that the officer's knowledge of these traits was based on hearsay.

The officer's testimony was based on his personal dealings and interviews with gang members and leadership, as well as his training and field experience with gangs as a member of the local law enforcement Gang Task Force. Pretermitting whether the testimony was hearsay because it amounted to the officer repeating what he had

---

[5] *Dix v. State*, 307 Ga. App. 684, 686 (1) (705 SE2d 903) (2011) (punctuation and footnote omitted).

[6] See *Jackson*, supra; OCGA § 24-4-8 (2010) (providing that the testimony of a single witness is generally sufficient to establish a fact). "Georgia adopted a new Evidence Code effective January 1, 2013." *Leslie v. State*, 292 Ga. 368, 369 (2) (a), n. 3 (738 SE2d 42) (2013). See Ga. L. 2011, pp. 99, 214, § 101 (providing that the new Evidence Code "shall apply to any motion made or hearing or trial commenced on or after [January 1, 2013]"). Dowdell's trial was held in 2010.

been told by others, the record demonstrates that the content of the testimony — identifying gang hand signs, dress, and behavior — was cumulative of testimony by other witnesses (including a gang member) who testified from personal knowledge of the gang and who also identified the hand signs, dress, greetings, and behavior at issue as street gang activity.

> The erroneous admission of hearsay is harmless where, as here, legally admissible evidence of the same fact is introduced. In such a case, the hearsay is cumulative and without material effect on the verdict. Because it is highly probable that the cumulative and immaterial hearsay did not contribute to the guilty verdict . . . , a reversal of [the judgment of] conviction is not necessary.[7]

*Judgment affirmed. Ellington, P. J., and Branch, J., concur.*

---

[7] *Felder v. State*, 270 Ga. 641, 646 (8) (514 SE2d 416) (1999) (citations omitted); see *Skinner*, supra at 218-219 (1).